IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ABBOTT LABORATORIES U.S. and SUBSIDIARIES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-778 T<br>Judge Allegra |
| UNITED STATES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO STRIKE ¶¶ 44 THROUGH 69 OF THE COMPLAINT AND FOR LEAVE TO FILE THE ATTACHED ANSWER

Pursuant to RCFC 12(f), defendant, the United States, moves to strike ¶¶ 44 through 69 of the Complaint on the ground that they contain only immaterial and/or impertinent matters which are entirely outside the scope of RCFC 8(a), and, pursuant to RCFC 7(b), defendant moves for leave to file the attached answer, which responds only to ¶¶ 1 through 43 of the Complaint.

As good cause for granting this motion, defendant states that the portions of the complaint that comply with the requirement of RCFC 8(a) that the complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" are ¶¶ 1-17, and the attached claims for refund. In a tax refund action, taxpayer bears the burden of proving that he has paid tax, duly filed a tax refund claim that was not allowed, and that he overpaid his tax

liability for the taxable period. *Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States*, 169 Ct. C1. 276, 340 F.2d 624 (1965). *See also* RCFC 9H)(6). In ¶¶ 1-17 and the attached refund claims, plaintiff sets forth allegations that comply with RCFC 8(a) and the jurisdictional pleading requirements for a tax refund suit.

"Immaterial" and "impertinent" matter contained in a complaint is matter that is not relevant, necessary, or material to any pleaded claim. *Fantasy, Inc. v.* Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994. *See Witherspoon v. Philip Morris, Inc.*, 964 F.Supp. 455, 467-68 (D.D.C. 1997) (striking paragraphs of complaint under Fed. R. Civ. Pro. 8(a) as "unnecessarily voluminous" and "using unnecessary evidentiary information").

In addition to being wholly extraneous to the purposes approved and mandated by RCFC 8(a), the allegations contained in ¶¶ 44 through 69 are unfairly prejudicial to defendant in that preparing well-researched responses to these irrelevant allegations would require counsel for defendant to waste an inordinate amount of valuable time learning about and evaluating myriad pricing schemes and their application to transactions between plaintiff and its foreign sales corporation, and the views of various employees of the IRS as to these matters during audit before the litigation could proceed.

Responding to plaintiff's allegations might also implicate concerns about defendant's right to assert privilege (*i.e.*, executive privilege for deliberative statements made by IRS employees ) and Fed. R. Evid. 408 (concerning statements made in a settlement context) which could be asserted only after considerable investigation and research. This loss of valuable time to research matters which will be of no useful purpose in the litigation is especially prejudicial in

a case, such as this one, in which plaintiff has failed to state a claim upon which relief can be granted.

The complaint filed in this case fails to state a claim upon which relief can be granted because plaintiff (the related supplier) failed to file its claims for refund before the periods expired within which the IRS was permitted to assess additional federal income tax against ATCI, the foreign sales corporation (FSC). Treas. Reg. § 1.925(a)-1T(e)(4) requires that any redetermination of FSC commission shall affect both the FSC and the related supplier. The period of limitations within which assessments could be made of additional tax against the FSC for tax years 1987, 1988, or 1989 due to the redeterminations of the FSC's commission for those periods expired before the period of limitations on plaintiff’s claims for credit or refund of overpayments of tax for 1987, 1988, or 1989 expired. The period of limitations within which assessments could be made of additional tax against the FSC for tax years 1987, 1988, or 1989 due to the redeterminations of the FSC's commission for those periods expired before plaintiff filed its claim for credit or refund of overpayments of tax for 1987, 1988 or 1989.

WHEREFORE, defendant prays that its motion to strike be granted and that its motion to file the attached answer be granted.

Respectfully submitted,

s/George L. Squires
GEORGE L. SQUIRES
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6587

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief, Court of Federal Claims Section

s/Mary M. Abate
Of Counsel

March 23, 2007