IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ABBOTT LABORATORIES U.S. and SUBSIDIARIES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-778 T<br>Judge Allegra |
| UNITED STATES, | ) | |
| Defendant. | ) | |

FIRST AMENDED ANSWER

Defendant, the United States, hereby responds to the Complaint in the above-captioned case. Defendant respectfully denies each and every allegation contained therein that is not admitted below. Defendant further:

1. As to the allegations contained in paragraph 1 of the complaint, defendant admits only that this is a federal income tax refund action for calendar years 1987, 1988, and 1989, and that jurisdiction, to the extent it exists, is predicated on 28 U.S.C. § 1491(a)(1) and 26 U.S.C. § 7422.

2. States that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 2. Admits the allegations contained in the third sentence of paragraph 2 of the complaint.

3. Admits the allegations contained in paragraph 3 of the complaint.

4. States that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. States that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint, except states that IRS transcripts of account indicate that plaintiff's federal income tax returns on form 1120 for calendar years 1987, 1988, and 1989 were received on September 20, 1988, September 19, 1989, and September 20, 1990, respectively.

6. Admits the allegations contained in paragraph 6 of the complaint.

7. States that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint, except states that IRS transcripts of account indicate that IRS has no record of ATCI having filed a form 1120-FSC for 1987, but that forms 1120-FSC for 1988 and for 1989 were received from it on September 20, 1989, and September 20, 1990, respectively.

8-10. Admits the allegations contained in paragraphs 8, 9, and 10 of the complaint.

11. States that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint, except admits that Abbott Laboratories filed Forms 1120X, Amended U.S. Corporation Income Tax Returns, claiming refunds of federal income tax in the amounts of $2,538,702, $3,179,297, and $4,907,978, plus interest, for 1987, 1988, and 1989, respectively, and that two pages of Exhibit Q to the complaint (marked as pages 132 and 133) are true copies of the corresponding portions of the claim for refund that Abbott Laboratories filed with the IRS for tax year 1989.

12. States that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint, and that no originals or copies of documents attached to the complaint as Exhibits R through T have been found in IRS administrative files.

13. Denies the allegations contained in paragraph 13 of the complaint, except admits that plaintiff's claims for refund for 1987, 1988, and 1989 were received by the IRS within the statutory period permitted for filing those claims.

14. Denies the allegations contained in paragraph 14 of the complaint, except admits that plaintiff's claims for refund for 1987, 1988, and 1989 were received by the IRS within the statutory period within which ATCI was permitted for filing its own refund claims, and states that ATCI filed no claims for refund for 1987, 1988, or 1989.

15-17. Admits the allegations contained in paragraphs 15 through 17 of the complaint.

18-21. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 18 through 21 of the complaint.

22. States that the allegations contained in paragraph 22 of the complaint constitute legal conclusion or argument to which no response is required.

23-31. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 23 through 31 of the complaint.

32. States that the allegations contained in paragraph 32 of the complaint constitute legal conclusion or argument to which no response is required.

33-38. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 33 through 38 of the complaint.

39. Admits the allegations contained in paragraph 39 of the complaint.

40. Without conceding the authenticity of Exhibits O, P, and Q to the complaint, except that two pages of Exhibit Q to the complaint (marked as pages 132 and 133) are true copies of the corresponding portions of the claim for refund that Abbott Laboratories filed with the IRS for 1989, admits the allegations contained in paragraph 40 of the complaint.

41. States that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the complaint.

42. Denies the allegations contained in paragraph 42 of the complaint, except states that: (a) even if Exhibits O and P to the complaint are authentic, $6,354,591 and $9,350,873, respectively, are only described as the net change in deductions and in taxable income; and (b) on the two pages of Exhibit Q to the complaint (marked as pages 132 and 133), which are true copies of the corresponding portions of the claim for refund that Abbott Laboratories filed with the IRS for 1989, $14,435, 229 is only described as the net change in deductions and in taxable income.

43. Denies the allegations contained in paragraph 43 of the complaint, except admits that the IRS considered plaintiff's refund claims for 1987-1989, and on December 2, 2004, fully disallowed them solely because the refund claims, which were predicated on contentions that plaintiff was entitled to additional FSC commission expense deductions, had been filed after expiration of the statute of limitations for making additional assessments against the related foreign sales corporation.

44-48. States that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 through 48 of the complaint.

49-55. States that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 49 and 55 of the complaint, except states that on some date not identified in the IRS administrative file, some employee of the IRS prepared a form 886-A in connection with reviewing plaintiff's claims for refund, and he or she concluded that something referred to as "nodal" method was appropriate. States that using that method, some employee of the IRS and of plaintiff computed increases in plaintiff's FSC commission deductions for 1987, 1988, and 1989 of $5,457,956, $9,350,873, and $14,026,607, respectively. States that those views were not adopted by the IRS when it fully disallowed plaintiff's claims for refund.

56-57. States that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 56 and 57 of the complaint, except states that attached to a form 870 (Exhibit X to the complaint) is a form 4549-A dated 7/13/04, which reflects overassessments of tax for 1987, 1988, and 1989, in the amounts alleged in paragraph 56 of the complaint. Those views as to overassessments were not adopted by the IRS when it fully disallowed plaintiff's claims for refund.

58. States that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the complaint, except admits that during August 2004, the team manager of an IRS examination team submitted a letter to the Joint Committee on Taxation in accordance with I.R.C. § 6405 reporting "proposed refunds" resulting from claims for various taxable years including those in this tax refund action. States that in an exhibit to that letter, the claim dispositions for the years in this action were described as "partially allowed." Further states that the letter recites that it is accompanied by agreed and

unagreed examination reports and an appeals audit statement for taxable years 1987 through 1989.

59. Denies the allegations contained in paragraph 59 of the complaint, except admits that the team manager's letter to the Joint Committee on Taxation did not raise any objection to the timeliness of tax refund claims for 1987 through 1989 filed by Abbott Laboratories.

60. Denies the allegations contained in paragraph 60 of the complaint, except admits that the team manager's letter to the Joint Committee on Taxation stated that Abbott Laboratories timely filed tax refund claims for 1987 through 1989, and denies the allegations contained in paragraph 60 of the complaint with respect to ATCI.

61. Denies the allegations contained in paragraph 61 of the complaint.

62-64. Denies the allegations contained in paragraphs 62 through 64 of the complaint, except admits that the Joint Committee on Taxation returned years 1987 through 1989 for reconsideration of the foreign sales corporation claims for those years in light of Treas. Reg. § 1.925(a)-1T(e)(4), which requires that the statutes of limitation of both the parent and related foreign sales corporation be open for there to be a redetermination of commissions, and the fact that the statute of limitations on the foreign sales corporation had expired before plaintiff filed the refund claims.

65. Denies the allegations contained in paragraph 65 of the complaint, except admits that the IRS reconsidered and denied Abbott Laboratories' tax refund claims for 1987 through 1989 after the IRS had received the views of the Joint Committee on Taxation.

66-67. Admits the allegations contained in paragraph 66 through 67 of the complaint.

68. Denies the allegations contained in paragraph 68 of the complaint, and states that

Abbott Laboratories' tax refund claims for 1987 through 1989 were denied on the ground that Abbott Laboratories had not filed those claims within the time within which the IRS could assess additional tax against ATCI, and, thus, did not comply with Treas. Reg. § 1.925(a)-1T(e)(4) .

69. Admits the allegations contained in paragraph 69 of the complaint, and states that the disallowance letter did not address the "nodal" method at all.

ADDITIONAL DEFENSE

70. The complaint filed in this case fails to state a claim upon which relief can be granted because plaintiff (the related supplier) failed to file its claims for refund before the periods expired within which the IRS was permitted to assess additional federal income tax against ATCI, the foreign sales corporation (FSC). Treas. Reg. § 1.925(a)-1T(e)(4) requires that any redetermination of FSC commission shall affect both the FSC and the related supplier. The period of limitations within which assessments could be made of additional tax against the FSC for tax years 1987, 1988, or 1989 due to the redeterminations of the FSC's commission for those periods expired before the period of limitations on plaintiff's claims for credit or refund of overpayments of tax for 1987, 1988, or 1989 expired. The period of limitations within which assessments could be made of additional tax against the FSC for tax years 1987, 1988, or 1989 due to the redeterminations of the FSC's commission for those periods expired before plaintiff filed its claim for credit or refund of overpayments of tax for 1987, 1988 or 1989.

WHEREFORE, defendant prays the Complaint be dismissed, with all allowable costs assessed against plaintiff.

Respectfully submitted,

s/George L. Squires

GEORGE L. SQUIRES
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6587

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief, Court of Federal Claims Section

s/Mary M. Abate
Of Counsel

March 29, 2007