**Electronically Filed on April 16, 2007**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 06-778T**
**(Hon. Francis M. Allegra)**

**ABBOTT LABORATORIES AND U.S. SUBSIDIARIES,**

**Plaintiff**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant**

# PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT


Robert W. DeJoy
Attorney of Record
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 891-3993

Thomas V. M. Linguanti
Robert S. Walton
Of Counsel
BAKER & McKENZIE LLP
130 East Randolph Drive
Chicago, IL 60601
(312) 861-2623

Scott A. Knott
Of Counsel
BAKER & McKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
(202) 452-7017

**ABBOTT LABORATORIES AND U.S. SUBSIDIARIES v. UNITED STATES**
**No. 06-778T**
**(Hon. Francis M. Allegra)**

# PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## TABLE OF CONTENTS


**Motion for Partial Summary Judgment**

**Brief in Support of Plaintiff's Motion for Partial Summary Judgment**

**Proposed Findings of Uncontroverted Fact**

**Declaration of AJ Shoultz**

**Exhibits Y - CC**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 06-778T**
**(Hon. Francis M. Allegra)**

**ABBOTT LABORATORIES AND U.S. SUBSIDIARIES,**

**Plaintiff**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant**

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

PLAINTIFF, Abbott Laboratories and U.S. subsidiaries ("Abbott Laboratories"), moves this Court, pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC") for summary judgment as to the "Additional Defense" under RCFC 12(b)(6) asserted by the defendant, United States of America, in its First Amended Answer dated March 29, 2007 ("Amended Answer").

In paragraph 70 of its Amended Answer, the government posited that Abbott Laboratories' Complaint failed to state a claim for which relief can be granted –

> . . . because plaintiff (the related supplier) failed to file its claim for refund before the periods expired within which the IRS was permitted to assess additional federal income tax against ATCI, the foreign sales corporation (FSC). Treas. Reg. § 1.925(a)-1T(e)(4) requires that any redetermination of FSC commission shall affect both the FSC and the related supplier. The period of limitations within which assessments could be made of additional tax against the FSC for tax years 1987, 1988, and 1989 due to the redeterminations of the FSC's commission

> for those periods expired before the period of limitations on plaintiff's claims for credit or refund of overpayments of tax for 1987, 1988 or 1989 expired. The period of limitations within which assessments could be made of additional tax against the FSC for tax years 1987, 1988 or 1989 due to the redeterminations of the FSC's commission for the periods expired before plaintiff filed its claim for credit or refund of overpayments of tax for 1987, 1988 or 1989.

(Am. Answer ¶70.)

For the reasons set forth below and in the attached (a) Brief in Support of Plaintiff's Motion for Partial Summary Judgment, (b) Proposed Findings of Uncontroverted Fact, (c) Declaration of AJ Shoultz ("Decl."), and (d) Exhibits Y - CC, the government's Additional Defense is erroneous. No genuine issues of material fact exist, and Abbott Laboratories is therefore entitled to partial summary judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

1. Abbott Laboratories timely filed Forms 1120, U.S. Corporation Income Tax Returns, for periods ended December 31, 1987 ("1987"), December 31, 1988 ("1988"), and December 31, 1989 ("1989") (collectively, the "original Abbott returns"). (See Compl. ¶5; Am. Answer ¶5; Decl. ¶5.) On June 29, 1998, Abbott Laboratories filed its Forms 1120X, Amended U.S. Corporation Income Tax Returns, for 1987, 1988, and 1989 (the "Claims for Refunds"). (See Compl. ¶11; Am. Answer ¶11; Decl. ¶15.)

2. The Claims for Refunds arose from additional commission expenses that Abbott Laboratories claimed with respect to Abbott Trading Company, Inc. ("ATCI"), Abbott's foreign sales corporation ("FSC"), under section 924.[1] (See Decl. ¶¶10, 14.)

3. For its part, ATCI timely filed its Forms 1120-FSC, U.S. Income Tax Return of a Foreign Sales Corporation, for 1987, 1988, and 1989 (the "original FSC returns"). (See Compl.

[1] Unless otherwise indicated, all "section" references are to the Internal Revenue Code of 1986 (26 U.S.C.)(I.R.C.), as amended, or to the Treasury Regulations (26 C.F.R.) (Treas. Reg.) issued thereunder, in effect during the years at issue.

¶7; Am. Answer ¶7; Decl. ¶8.) On various dates after filing the original FSC returns, ATCI extended the period for assessment of additional taxes under section 6501 for these years through December 31, 1997. (See Ex.'s I-N to Compl.; Compl. ¶8; Am. Answer ¶8; Decl. ¶9.)

4. ATCI notified the government of its additional commission income for 1987, 1988, and 1989 (reflected in the Claims for Refunds) by filing, on June 29, 1998, a letter under penalties of perjury with the IRS Service Center in Philadelphia, Pennsylvania. (See Ex.'s R-T to Compl.; Compl. ¶12; Am. Answer ¶12; Decl. ¶¶16, 23(d), 23(f), 23(e).)

5. Abbott Laboratories filed the Claims for Refunds before the expiration of the statute of limitations for refunds under section 6511 as to the original Abbott returns. (See Compl. ¶13; Am. Answer ¶13; Decl. ¶17.)

6. Abbott Laboratories filed the Claims for Refunds before the expiration of the statute of limitations for refunds under section 6511 applicable to the original FSC returns as well. (See Compl. ¶14; Am. Answer ¶14; Decl. ¶18.)

7. The government's Additional Defense relies only on Temp. Treas. Reg. § 1.925(a)-1T(e)(4) to argue that the statute of limitations on assessment under section 6501 must have been open as to ATCI at the time the Claims for Refunds were filed.

8. The temporary regulation refers expressly to the statute of limitations for refunds under section 6511. The temporary regulation does ***not*** mention the statute of limitations for assessment of tax under section 6501.

9. The government can cite to no statutory or regulatory provision that expressly makes the "timeliness" of a taxpayer's claim for refund under section 6511 contingent on the ability of the government to assess additional taxes under section 6501 against ***another*** taxpayer.

10. At bottom, the government's Additional Defense seeks to interpose an implied requirement into the statute of limitations for claims for refunds under section 6511. There is no room in the detailed statutory construct of section 6511 for any such "implicit" requirements. See United States v. Brockamp, 519 U.S. 347 (1997).

11. In Union Carbide Corp. v. Commissioner, 110 T.C. 375 (1998), the only case to interpret the effect of Temp. Treas. Reg. § 1.925(a)-1T(e)(4), the government took the opposite position of its position here, arguing that "the regulation does not require that the limitations period for assessing a tax under section 6501 be open with respect to" a FSC and that "the benefit sought under Temp. Treas. Reg. § 1.925(a)-1T(e)(4) is conditioned exclusively on the limitations period set forth in section 6511." (See Ex. BB, Respondent's Memorandum of Law in Support of Respondent's Motion for Partial Summary Judgment at 58, Union Carbide Corp. v. Commissioner, 110 T.C. 375 (1998) (No. 3501-94) (emphasis added) (citation omitted).)

12. In holding for the government in Union Carbide, the Tax Court did not establish a section 6501 requirement. Instead, it held that a "dual section 6511 requirement" existed in Temp. Treas. Reg. § 1.925(a)-1T(e)(4): "[The regulation] on its face mandates that the period of limitations under section 6511 be open for both the related supplier and the FSC in order for FSC commission expenses to be redetermined." Union Carbide, 110 T.C. at 385-386.

13. In addition to filing the Claims for Refunds timely under section 6511 per se, Abbott Laboratories filed the Claims for Refunds before the expiration of the section 6511 statute of limitations on refunds for ***both*** Abbott Laboratories and ATCI in accordance with the Tax Court's opinion in Union Carbide.

WHEREFORE, Abbott Laboratories and U.S. subsidiaries respectfully request that this Court grant Plaintiff's Motion for Partial Summary Judgment.

Respectfully submitted,

s/ Thomas V. M. Linguanti

Robert W. DeJoy
Attorney of Record
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 891-3993

Thomas V. M. Linguanti
Robert S. Walton
Of Counsel
BAKER & McKENZIE LLP
130 East Randolph Drive
Chicago, IL 60601
(312) 861-2623

Scott A. Knott
Of Counsel
BAKER & McKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
(202) 452-7017

Counsel for Plaintiff,
Abbott Laboratories and U.S. Subsidiaries

Dated this 16th day of April, 2007

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 06-778T**
**(Hon. Francis M. Allegra)**

**ABBOTT LABORATORIES AND U.S. SUBSIDIARIES,**

**Plaintiff**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant**

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT


Robert W. DeJoy
Attorney of Record
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 891-3993

Thomas V. M. Linguanti
Robert S. Walton
Of Counsel
BAKER & McKENZIE LLP
130 East Randolph Drive
Chicago, IL 60601
(312) 861-2623

Scott A. Knott
Of Counsel
BAKER & McKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006

## TABLE OF CONTENTS


TABLE OF CONTENTS ..... i

TABLE OF AUTHORITIES ..... iii

PRELIMINARY STATEMENT ..... 1

QUESTION PRESENTED ..... 3

STATEMENT OF FACTS ..... 3

SUMMARY OF ARGUMENT ..... 6

ARGUMENT ..... 9

ABBOTT LABORATORIES MET THE ONLY STATUTORY AND REGULATORY REQUIREMENTS FOR FILING A TIMELY CLAIM FOR REFUND: IT FILED ITS CLAIMS WITHIN THE PERIOD ESTABLISHED BY SECTION 6511 ..... 9

I. ABBOTT LABORATORIES' CLAIMS FOR REFUNDS WERE TIMELY FILED UNDER SECTION 6511(c) AND THE REGULATIONS THEREUNDER ..... 9

A. Section 6511 is a highly detailed statute of limitations that leaves no room for additional requirements.. ..... 9

B. Section 6511's only reference to section 6501 places no limit on a taxpayer's ability to claim a refund of overpaid taxes. ..... 13

1. Section 6501 places a limitation on the IRS only ..... 13

2. There is only one statutory and regulatory cross-reference between section 6511 and section 6501 ..... 14

3. No provisions exist *anywhere* in the revenue statutes or regulations that predicate one taxpayer's ability to obtain a refund on another taxpayer's ability to be assessed additional taxes by the IRS ..... 15

II. ABBOTT LABORATORIES' CLAIMS FOR REFUNDS WERE TIMELY FILED UNDER TEMP. TREAS. REG. § 1.925(a)-1T(e)(4). ..... 16

A. Background on FSC Provisions ..... 16

B. Temp. Treas. Reg. § 1.925(a)-1T(e)(4) provides only that a claim for refund be filed within the time periods set forth by section 6511; it makes no mention of the time periods of section 6501 ..... 17

C. The “shall affect” language of Temp. Treas. Reg. § 1.925(a)-1T(e)(4) is in accordance with the need for consistent treatment of FSC transactions as between the FSC and the related supplier – nothing more ....................................19

III. ABBOTT LABORATORIES’ CLAIMS FOR REFUNDS WERE TIMELY FILED IN ACCORDANCE WITH THE TAX COURT’S OPINION IN UNION CARBIDE .........21

CONCLUSION...........................................................................................................24

EXHIBITS IN APPENDIX

Exhibit Y, Internal Revenue Service Form 1120-FSC, U.S. Income Tax Return of a Foreign Sales Corporation, for Abbott Trading Company, Inc., tax year ended December 31, 1987, dated September 12, 1988.........................................................................229

Exhibit Z, Internal Revenue Service Form 1120-FSC, U.S. Income Tax Return of a Foreign Sales Corporation, for Abbott Trading Company, Inc., tax year ended December 31, 1988, dated September 15, 1989.........................................................................250

Exhibit AA, Internal Revenue Service Form 1120-FSC, U.S. Income Tax Return of a Foreign Sales Corporation, for Abbott Trading Company, Inc. tax year ended December 31, 1989 .............................................................................................................285

Exhibit BB, Respondent’s Memorandum of Law in Support of Respondent’s Motion for Partial Summary Judgment, Union Carbide Corp. v. Commissioner, dated September 15, 1997.............................................................................................................299

Exhibit CC, Respondent’s Reply to Petitioner’s Brief in Support of its Motion for Partial Summary Judgment (Foreign Sales Corporation Issue), Union Carbide Corp. v. Commissioner, dated October 30, 1997.............................................................376

## TABLE OF AUTHORITIES

**STATUTES**

26 U.S.C. §921 .......... 16

26 U.S.C. §922 .......... 16

26 U.S.C. §924 .......... 4, 17

26 U.S.C. §925 .......... 7, 8, 18

26 U.S.C. §927 .......... 17

26 U.S.C. §1501 et seq. .......... 15

26 U.S.C. §6405 .......... 6

26 U.S.C. §6501 .......... *passim*

26 U.S.C. §6511 .......... *passim*

26 U.S.C. §7422 .......... 1

**REGULATIONS**

Temp. Treas. Reg. § 1.925(a)-1T(e)(4) .......... *passim*

Treas. Reg. § 301.6511(c)-1 .......... 14

**CASES**

Boeing Co. v. United States, 537 U.S. 437 (2003) .......... 16

Brown-Forman Corp. v. Commissioner, 94 T.C. 919 (1990), aff'd, 955 F.2d 1037 (6th Cir. 1992) .......... 16

Ewing v. United States, 914 F.2d 499 (4th Cir. 1990) .......... 13

General Dynamics Corp. v. Commissioner, 108 T.C. 107 (1997) .......... 16

Georgeff and Georgeff v. United States, 67 Fed. Cl. 598 (2005) .......... 11

Matsushita Elect. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) .......... 9

Pettis ex rel United States v. Morrison-Knudsen Co., 577 F.2d 668 (9th Cir. 1978) .......... 19

Rothensies v. Electric Storage Battery Co., 329 U.S. 296 (1946) .......... 11

Six v. United States, 71 Fed. Cl. 671 (2006) .......... 9

Tucker v. Alexander, 275 U.S. 228 (1927)....................................................................11

Tworek v. United States, 46 Fed. Cl. 82 (2000)....................................................................9

United States v. Brokamp, 519 U.S. 347 (1997)..................................................................8, 11

United States v. Diebold, Inc., 369 U.S. 654 (1961)....................................................................9

United States v. Garbutt Oil Co., 302 U.S. 528 (1938)....................................................................11

Union Carbide Corp. v. Commissioner, 110 T.C. 375 (1998)............................................. *passim*

Wertz v. United States, 51 Fed. Cl. 443 (2002)....................................................................11, 12

Westminster Bank, PLC v. United States, 69 Fed. Cl. 128 (2005)...................................................9

Woods Investment Co. v. Commissioner, 85 T.C. 274 (1985)......................................................19

**MISCELLANEOUS**

2A Singer, Norman J., Sutherland Statutes and Statutory Construction, (2000 ed.).....................19

American Jobs Creation Act of 2004, Pub. L. 108-357....................................................................16

Deficit Reduction Act of 1984, Pub. L. 98-369....................................................................16

FSC Repeal and Extraterritorial Income Exclusion Act of 2000, Pub. L. 106-519......................16

R. Ct. Fed. Cl. 12(b)(6)....................................................................3, 9, 13, 17

R. Ct. Fed. Cl. 56(c)....................................................................9

Tax Increase Prevention and Reconciliation Act of 2005, Pub. L. 109-222 ................................16

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 06-778T**
**(Hon. Francis M. Allegra)**

**ABBOTT LABORATORIES AND U.S. SUBSIDIARIES,**

**Plaintiff**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant**

**BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## PRELIMINARY STATEMENT

This Brief is submitted in support of the Motion for Partial Summary Judgment filed by Abbott Laboratories and U.S. subsidiaries ("Abbott Laboratories"), regarding its claims for a refund of overpaid Federal income taxes.

This Court has subject matter jurisdiction over claims for refund pursuant to section 7422(a) of the Internal Revenue Code of 1986, as amended (26 U.S.C.) (I.R.C.), when, among other things, a timely claim for refund has been filed with the Internal Revenue Service.[1] In this

[1] Unless otherwise indicated, all "section" references are to the Internal Revenue Code of 1986 (26 U.S.C.)(I.R.C.), as amended, or to the Treasury Regulations (26 C.F.R.) (Treas. Reg.) issued thereunder, in effect during the years at issue.

case, Abbott Laboratories met the only statutory and regulatory requirements for filing a timely claim for refund: it did so within the period established by section 6511.

Taxpayers and the IRS are generally subject to two basic statutes of limitation with respect to determining the proper amount of taxpayers' federal tax liabilities: the statute of limitations establishing the period by when the IRS may assess additional taxes, which is set forth in section 6501 (the "6501 Assessment Period"); and the statute of limitations establishing the period by when a taxpayer may claim a refund for overpaid taxes, which is set forth in section 6511 (the "6511 Refund Period"). The 6501 Assessment Period generally permits the IRS to assess additional taxes within three years of when a taxpayer files a federal income tax return. I.R.C. § 6501(a). The 6511 Refund Period, similarly, allows taxpayers to claim that they have overpaid their taxes generally within three years of filing their tax returns or two years of paying their taxes, whichever occurs later. I.R.C. § 6511(a). The 6501 Assessment Period may be extended by agreement, however. I.R.C. § 6501(c)(4). If extended, then the 6511 Refund Period is also extended, and a claim for refund may be filed within six months after the end of the extended 6501 Assessment Period. I.R.C. § 6511(c)(1). These rules apply generally to all taxpayers and, most important, in ***all*** circumstances.

In this case, it is undisputed that Abbott Laboratories filed its claim for refund within the 6511 Refund Period applicable to itself and to its subsidiary, Abbott Trading Company, Inc. ("ATCI"), a foreign sales corporation ("FSC"). This complies with the express limitation periods set forth in the applicable statutes and the regulations, and, indeed, is in accord with the government's position adopted by the U.S. Tax Court in Union Carbide Corp. v. Commissioner, 110 T.C. 375 (1998). There, the government argued that a taxpayer's refund claim is timely filed when the 6511 Refund Period is open for both the taxpayer and the related FSC. There, the

government argued that there was no additional requirement that the 6501 Assessment Period be open with respect to a FSC. (See Ex. BB, Respondent's Memorandum of Law in Support of Respondent's Motion for Partial Summary Judgment at 58, Union Carbide Corp. v. Commissioner, 110 T.C. 375 (1998) (No. 3501-94) ("Gov. UC Brief")). And, there, the Tax Court agreed with the government, holding that the taxpayer's refund claim was ***not*** timely filed because the 6511 Refund Period was not open for both the taxpayer and the FSC. Union Carbide, 110 T.C. at 391-392.

Here, the government takes a different tact. In its First Amended Answer and "Additional Defense" under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") (Am. Answer ¶70), the government maintains that it is not the 6511 Refund Period that must be open for Abbott Laboratories and ATCI to file a timely claim for refund. Relying ostensibly on Temp. Treas. Reg. § 1.925(a)-1T(e)(4), the government maintains that it is the ***6501 Assessment Period*** that must be open for ATCI as a FSC. Whatever the government's position may be in the next case, in ***this*** case, the 6511 Refund Period was open for both entities at the time Abbott Laboratories filed its claims for refund. Abbott Laboratories' claims for refund were therefore timely, and it is entitled to judgment as a matter of law with respect to the government's Additional Defense.

## QUESTION PRESENTED

Whether Abbott Laboratories filed timely claims for refund arising from additional commissions paid to its FSC, ATCI, for 1987, 1988, and 1989 under section 6511.

## STATEMENT OF FACTS

Abbott Laboratories timely filed Forms 1120, U.S. Corporation Income Tax Returns, for periods ended December 31, 1987 ("1987"), December 31, 1988 ("1988"), and December 31,

1989 ("1989") (collectively, the "original Abbott returns"). (See Compl. ¶5; Am. Answer ¶5; Declaration of AJ Shoultz ¶5 ("Decl.").) Thereafter, Abbott Laboratories on various dates timely filed Forms 872, Consent to Extend the Time to Assess Tax, with respect to 1987, 1988, and 1989. (Ex.'s A-H to Compl.; Compl. ¶6; Am. Answer ¶6; Decl. ¶6.) As a result of the extensions, the 6501 Assessment Period as to Abbott Laboratories for 1987, 1988, and 1989 was extended through September 30, 1998. (Compl. ¶6; Am. Answer ¶6; Decl. ¶7.)

ATCI also timely filed its Forms 1120-FSC, U.S. Income Tax Return of a Foreign Sales Corporation, for 1987, 1988, and 1989 (the "original FSC returns"). (See Compl. ¶7; Am. Answer ¶7; Decl. ¶8.) On various dates after filing the original FSC returns, ATCI timely filed its statutory extensions, Forms 872, with respect to 1987, 1988, and 1989, extending the 6501 Assessment Period for these years, through December 31, 1997. (Ex.'s I-N to Compl.; Compl. ¶8; Am. Answer ¶8; Decl. ¶9.)

On the original Abbott returns, Abbott Laboratories claimed deductions for its FSC commission expenses associated with export sales that generated "foreign trading gross receipts" under section 924. (See Compl. ¶23; Am. Answer ¶23; Decl. ¶10.) Likewise, ATCI reported corresponding income related to these FSC commissions on the original FSC returns. (See Compl. ¶23; Am. Answer ¶23; Decl. ¶11.)

After filing the original Abbott returns, Abbott Laboratories realized that it had failed to claim the maximum amount of FSC commission expense deductions to which it was entitled under the FSC rules. (See Compl. ¶29; Am. Answer ¶29; Decl. ¶13.) As a result, Abbott Laboratories redetermined its FSC commissions for 1987, 1988, and 1989 and filed Forms 1120X, Amended U.S. Corporation Income Tax Returns, for 1987, 1988, and 1989, reflecting

the new amounts (the "Claims for Refunds"). (See Compl. ¶¶11, 34; Am. Answer ¶¶11, 34; Decl. ¶14.)

Abbott Laboratories filed the Claims for Refunds on June 29, 1998. (See Ex.'s O-Q to Compl.; Compl. ¶11; Am. Answer ¶11; Decl. ¶¶15, 23(a), 23(b), 23(c).) Also, on June 29, 1998, ATCI filed letters under penalties of perjury with the IRS Service Center in Philadelphia, Pennsylvania, asserting additional FSC commission income for 1987, 1988, and 1989. (See Ex.'s R-T to Compl.; Compl. ¶12; Am. Answer ¶12; Decl. ¶¶16, 23(d), 23(e), 23(f).)

At the time that the Claims for Refunds were filed, the 6511 Refund Period was open with respect to Abbott Laboratories. (See Compl. ¶13; Am. Answer ¶13; Decl. ¶17.) The 6511 Refund Period was open with respect to ATCI as well. (See Compl. ¶14; Am. Answer ¶14.) The 6501 Assessment Period with respect to ATCI had expired. These periods are illustrated as follows:

| DATE | RELEVANT EVENT |
|---|---|
| | |
| December 31, 1997 | 6501 Assessment Period expired for ATCI (section 6501(c)(4)) |
| **June 29, 1998** | **Abbott Laboratories filed the Claims for Refunds** |
| June 30, 1998 | 6511 Refund Period expired for ATCI (section 6511(c)(1)) |
| September 30, 1998 | 6501 Assessment Period expired for Abbott Laboratories (section 6501(c)(4)) |
| March 30, 1999 | 6511 Refund Period expired for Abbott Laboratories (section 6511(c)(1)) |

The IRS audited the Claims for Refunds and, ultimately, agreed with Abbott Laboratories' revised FSC commission expense calculations. (See Compl. ¶44; Am. Answer ¶44; Decl. ¶19.) On July 13, 2004, the IRS examination team issued a Form 870, Waiver of Restriction on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, which included the increased amount of FSC commissions Abbott Laboratories was deemed to have paid ATCI based on the calculations agreed upon by the parties. (See Ex. X

to Compl.; Compl. ¶57; Am. Answer ¶57; Decl. ¶¶20, 23(h).) During August, 2004, the IRS submitted to the Joint Committee on Taxation a report pursuant to section 6405 that detailed the IRS examination team's intention to grant the Claims for Refunds in the amounts as agreed to by Abbott Laboratories and the IRS examination team (the "Joint Committee report"). (See Compl. ¶58; Am. Answer ¶58.)

The Joint Committee report acknowledged that the Claims for Refunds had been filed within the 6511 Refund Period for both Abbott Laboratories and ATCI. (See Compl. ¶60; Am. Answer ¶60.) The Joint Committee on Taxation nevertheless recommended denying the Claims for Refunds. (See Compl. ¶62; Am. Answer ¶62.) On December 2, 2004, the IRS denied the Claims for Refunds on the sole grounds that they were "untimely." (See Ex. U to Compl.; Compl. ¶¶65, 68; Am. Answer ¶¶65, 68; Decl. ¶¶21, 22, 23(g).)

There is no dispute as to whether the 6511 Refund Period was open with respect to Abbott Laboratories and ATCI at the time that Abbott Laboratories filed the Claims for Refunds. There is also no dispute that the 6501 Assessment Period had expired with respect to ATCI at the time that Abbott Laboratories filed the Claims for Refunds.

This action was filed within two years after those Claims for Refunds were denied. (Compl. ¶¶16, 17; Am. Answer ¶¶16, 17.)

## SUMMARY OF ARGUMENT

Section 6511 establishes the limitations period for filing claims for refund. There is no special statute of limitations period for individuals, no special statute of limitations period for corporations, and no special statute of limitations period for FSCs. In this case, Abbott Laboratories filed its claims for refunds within the 6511 Refund Period. It filed them before the 6511 Refund Period expired with respect to Abbott Laboratories. It filed them before the 6511

Refund Period expired with respect to ATCI. Under any reading of these statutes and of the most relevant regulation, Temp. Treas. Reg. § 1.925(a)-1T(e)(4), Abbott Laboratories met its initial obligations for seeking a refund from the government – it filed timely claims for refunds.

Section 6511 bars the IRS from denying a timely claim for refund in this case. The provisions of section 6511 manifest the plain intent of Congress that the statutory limitations on refund claims are to be strictly enforced and that the IRS must pay meritorious claims for refund made within the period prescribed by section 6511. The government cannot cite any statutory authority for this Court to ignore the bright-line period of limitations on refunds set forth in section 6511. Nor can the government assert that the Claims for Refunds were not filed within the 6511 Refund Period.

Because this refund suit arises, at bottom, from additional commission expenses paid to a foreign sales corporation (FSC), ATCI, section 925(a) applies. On its face, section 925 imposes no time limitation on redetermining a taxpayer's FSC commission expense; these redeterminations must be made before the expiration of the general 6511 Refund Period. The government nevertheless asserts that Temp. Treas. Reg. § 1.925(a)-1T(e)(4) contains a requirement that the 6501 Assessment Period, as well as the 6511 Refund Period, be open with respect to the FSC at the time of a redetermination of the FSC commission expense. The rub is that Temp. Treas. Reg. § 1.925(a)-1T(e)(4) makes no mention of the 6501 Assessment Period. Instead, the temporary regulation refers expressly to the 6511 Refund Period. (And the government admits that Abbott Laboratories filed the Claims for Refunds when the 6511 Refund Period was still open for both Abbott Laboratories and ATCI. (See Compl. ¶¶13-14; Am. Answer ¶¶13-14.)) The government's interpretation of Temp. Treas. Reg. § 1.925(a)-1T(e)(4) thus imposes an ***implied*** restriction on claims for refund, contravening the Supreme Court's

interpretation of section 6511 in United States v. Brokamp, 519 U.S. 347 (1997). The plain language of section 6511, section 925, and Temp. Treas. Reg. § 1.925(a)-1T(e)(4) is directly contrary to the government's interpretation of them. As such, the government's construction is erroneous.

The only decision involving the timeliness of claims for refund based on a redetermination of FSC commissions is Union Carbide Corp. v. Commissioner, 110 T.C. 375 (1998). In that case, the issue was whether the 6511 Refund Period was required to be open for both the taxpayer and the FSC for the taxpayer to have filed a timely claim for refund. In arguing in favor of a "dual" statute of limitations requirement under section 6511, the government argued ***in opposition*** to an additional requirement under section 6501. "[Temp. Treas. Reg. § 1.925(a)-1T(e)(4)] does not require that the limitations period for assessing a tax under section 6501 be open with respect to" a FSC. (See Ex. BB, Gov. UC Brief at 58 (emphasis added).) The Tax Court agreed with the government on both counts, imposing a "dual" 6511 Refund Period obligation on both the taxpayer and the FSC while refusing to impose an additional 6501 Assessment Period on the parties. Here, and in accordance with Union Carbide, the 6511 Refund Period for ***both*** Abbott Laboratories ***and*** ATCI were open at the time the Claims for Refunds were filed.

Abbott Laboratories' Claims for Refunds for the 1987, 1988, and 1989 periods were filed within the 6511 Refund Period. Its Claims for Refunds are therefore timely. Summary judgment should be entered in Abbott Laboratories' favor as to the government's Additional Defense.

## ARGUMENT

**ABBOTT LABORATORIES MET THE ONLY STATUTORY AND REGULATORY REQUIREMENTS FOR FILING A TIMELY CLAIM FOR REFUND: IT FILED ITS CLAIMS WITHIN THE PERIOD ESTABLISHED BY SECTION 6511.**

Summary judgment is proper when there are no genuine issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law. See RCFC 56(c). Inferences drawn from the facts "must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1961); Six v. United States, 71 Fed. Cl. 671, 677 (2006). However, a mere "metaphysical doubt" will not prevent the granting of a motion for summary judgment. Matsushita Elect. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Westminster Bank, PLC v. United States, 69 Fed. Cl. 128, 137 (2005). A motion for partial summary judgment is held to these same standards. Tworek v. United States, 46 Fed. Cl. 82, 84 (2000). The uncontroverted facts and the analysis below show that Abbott Laboratories is entitled to judgment, as a matter of law, that its claims for refunds for 1987, 1988, and 1989 were timely filed and that the government's Additional Defense under RCFC 12(b)(6) is without merit.

### I. ABBOTT LABORATORIES' CLAIMS FOR REFUNDS WERE TIMELY FILED UNDER SECTION 6511(c) AND THE REGULATIONS THEREUNDER.

#### A. Section 6511 is a highly detailed statute of limitations that leaves no room for additional requirements.

Section 6511 provides the time period by which claims for refund must be made. Section 6511(b)(1) provides that a claim for refund is timely if the taxpayer files the claim within the period of limitations established by section 6511(a). Specifically:

> **Section 6511. Limitations on credit or refund.**
>
> **(a) Period of limitation on filing claim.** Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer

is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

**(b) Limitation on allowance of credits and refunds.**

**(1) Filing of claim within prescribed period.** No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period.

Section 6511(a) therefore establishes that a claim for refund must be filed within three years from the time that a return is filed. This period may be extended pursuant to an agreement between the IRS and the taxpayer, typically per a Form 872, that extends the period of limitations under section 6501(c)(4)(A).[2] If the period of limitations is extended by agreement, then the period within which a claim for refund must be filed expires six months after the end of the period within which any assessment must be made, as extended pursuant to the agreement. Section 6511(c)(1) provides:

**(1) Time for filing claim.** The period for filing claim for credit or refund or for making credit or refund if no claim is filed, provided in subsections (a) and (b)(1), shall not expire prior to 6 months after the expiration of the period within which an assessment may be made pursuant to the agreement or any extension thereof under section 6501(c)(4).

---

[2] Section 6501(c)(4)(A) provides:

**In general.** Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, except the estate tax provided in chapter 11, both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

Sections 6511(a) through (c) establish a bright-line rule for taxpayers to know when they must file their claims for refund. There are no other provisions in the Code that address, or otherwise change, the period by which claims for refunds relating to FSCs must be made.

In analyzing the 6511 Refund Period, courts have held that a uniform statute of limitations for tax refund claims is of critical importance. As a matter of fairness and of practical administration of income tax policy, this uniformity and certainty are paramount. See Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 301 (1946). If there are to be exceptions to the statute of limitations – equitable or otherwise – it is for Congress, not the courts, to create. In United States v. Brockamp, 519 U.S. 347, 352 (1997), the Supreme Court struck down an attempt by the court of appeals to create an equitable exception to the 6511 Refund Period. The Supreme Court considered whether "courts [can] toll, for nonstatutory reasons, the statutory time (and related amount) limitations for filing tax refund claims set forth in § 6511 of the Internal Revenue Code of 1986?" Brockamp, 519 U.S. at 348. The Supreme Court stated, quite succinctly, "We hold that they cannot." Id.

> Section 6511's detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions, taken together, indicate to us that Congress did not intend courts to read other unmentioned, open-ended, 'equitable' exceptions into the statute that it wrote.

Id. at 352.

As per the explicit provisions of section 6511, the IRS may neither ***allow*** an ***untimely*** claim for refund nor ***deny*** a ***timely*** claim for refund on the basis of the 6511 Refund Period alone. Neither the IRS nor the courts may create exceptions to the 6511 Refund Period (see Brockamp) and neither have the authority to waive a statute of limitations established by Congress. See United States v. Garbutt Oil Co., 302 U.S. 528, 534 (1938); Tucker v. Alexander, 275 U.S. 228, 231-32 (1927); Georgeff and Georgeff v. United States, 67 Fed. Cl. 598, 604 (2005); Wertz v.

United States, 51 Fed. Cl. 443, 448 (2002). The provisions of section 6511 manifest plain Congressional intent that the statutory limitations on refund claims are to be strictly enforced and that rightful claims properly filed within the specific statutory periods must be paid.

In this case, the period of limitations within which the IRS was required to assess any tax deficiencies with respect to Abbott Laboratories was extended by agreement to September 30, 1998. (See Ex.'s A-H to Compl.) As a result, Abbott Laboratories was obliged to file any claims for refund on or before March 30, 1999 (six months after September 30, 1998). Abbott Laboratories filed the Claims for Refunds on June 29, 1998, nine months ***before*** the 6511 Refund Period expired. (See Ex.'s O-Q to Compl.) The Claims for Refunds were also filed before the 6511 Refund Period expired with respect to ATCI's years at issue. The following illustrates the sequence of relevant dates to the determination of the timeliness of the Claims for Refunds:

| **DATE** | **RELEVANT EVENT** |
|---|---|
| | |
| December 31, 1997 | 6501 Assessment Period expired for ATCI (section 6501(c)(4)) |
| **June 29, 1998** | **Abbott Laboratories filed the Claims for Refunds** |
| June 30, 1998 | 6511 Refund Period expired for ATCI (section 6511(c)(1)) |
| September 30, 1998 | 6501 Assessment Period expired for Abbott Laboratories (section 6501(c)(4)) |
| March 30, 1999 | 6511 Refund Period expired for Abbott Laboratories (section 6511(c)(1)) |

The government takes no issue with these facts, and none are in dispute. However, relying ostensibly on Temp. Treas. Reg. § 1.925-1T(e)(4), the government has interposed the 6501 Assessment Period into the otherwise direct statutory analysis of the 6511 Refund Period. In doing so, the government directly contradicts itself, having stated in Union Carbide that "the regulation does not require that the limitations period for assessing tax under section 6501 be open with respect to" a FSC and that "the benefit sought under Temp. Treas. Reg. § 1.925(a)-

1T(e)(4) is conditioned exclusively on the limitations period set forth in section 6511." (Ex. BB, Gov. UC Brief at 58 (citations omitted).) The government nevertheless challenges the Claims for Refunds' "timeliness" and thus the basis for Abbott Laboratories' claim under RCFC 12(b)(6). That challenge must fail.

## B. Section 6511's only reference to section 6501 places no limit on a taxpayer's ability to claim a refund of overpaid taxes.

### 1. Section 6501 places a limitation on the IRS only.

Section 6501(a) prescribes the general period of limitations by which the IRS may assess additional taxes against a taxpayer.

> **Section 6501. Limitations on assessment and collection.**
>
> **(a) General rule.** Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. For purposes of this chapter, the term "return" means the return required to be filed by the taxpayer (and does not include a return of any person from whom the taxpayer has received an item of income, gain, loss, deduction, or credit).

The limitation contained in section 6501 acts as an absolute bar to the government's ability to assess a tax after the expiration of that period. Even if a taxpayer pays a tax voluntarily after the 6501 Assessment Period expires, the government may not assess those additional taxes and is generally obligated to refund them to the taxpayer. Ewing v. United States, 914 F.2d 499, 504 (4th Cir. 1990). By its terms, section 6501 does not place any limitations on a taxpayer, nor does it limit the period by which the government may pay a valid claim for refund.

### 2. There is only one statutory and regulatory cross-reference between section 6511 and section 6501.

Under section 6511(c)(1), if the 6501 Assessment Period has been extended by agreement per section 6501(c)(4), then the 6511 Refund Period does not expire until six months after the period for assessment (as extended by such agreement) expires. In other words, when the period of limitations on assessments is expanded by agreement between the government and a taxpayer, section 6511(c)(1) extends the period of limitations on refunds for six months after the period of limitations on assessments expires. During this six-month gap, this post-assessment/pre-refund period, a taxpayer may claim a refund but the government cannot assess additional tax. Congress's language could not be more explicit. See I.R.C. § 6511(c)(1) ("The period for filing claim for credit or refund . . . shall not expire prior to 6 months after the expiration of the period within which an assessment may be made pursuant to the agreement or any extension thereof under section 6501(c)(4)" (emphasis added)).

Like this one statutory cross-reference, there is but one regulatory cross-reference among the regulations promulgated under sections 6511 and 6501, i.e. Treas. Reg. § 301.6511(c)-1. Tracking the language of section 6511, section 301.6511(c)-1(b) provides that a "Claim for credit or refund of an overpayment may be filed, or credit or refund may be allowed if no claim is filed, at any time within which an assessment may be made pursuant to an agreement, or any extension thereof, under section 6501(c)(4), and for 6 months thereafter." There are no other cross-references in the regulations between the 6511 Refund Period and the 6501 Assessment Period.

### 3. No provisions exist *anywhere* in the revenue statutes or regulations that predicate one taxpayer's ability to obtain a refund on another taxpayer's ability to be assessed additional taxes by the IRS.

Abbott Laboratories and ATCI were not members of a consolidated group under sections 1501, et seq. They were separate taxpayers, filing separate returns. Abbott Laboratories and ATCI therefore had separate statutes of limitations – both with respect to when the IRS could assess additional taxes under section 6501 and with respect to when each could file claims for refunds under section 6511. From a federal tax perspective, they were, on this score at least, little different than two wholly unrelated taxpayers. The government's position suggests that the ability of one, Abbott Laboratories, to obtain a refund is contingent on the ability of the IRS to assess additional tax against the other, ATCI. There is no place – anywhere – in the Internal Revenue Code or in the Treasury Regulations where one taxpayer's right to a refund has any relation whatever to another party's ability to be assessed additional tax.

The absurdity of the government's position is perhaps revealed best by an example. A restaurant buys bread from its local bakery and pays $100 for that month's delivery. During the same tax year, both realize that the restaurant should have paid $1,000 instead of $100, and the restaurant pays the bakery the $900 difference. However, when the parties timely file their federal income tax returns for that year, they both mistakenly report the $100 (they used the same tax-return preparer); the restaurant reflects the $100 as an expense-deduction, and the bakery reports the $100 as an income inclusion. A little less than three years after the restaurant filed its return, i.e. just before the 6511 Refund Period expires, the restaurant realizes its error and files an amended tax return, showing the $1,000 payment ($900 additional deduction) and seeking a refund for the resulting overpaid tax. By the time the IRS processes the restaurant's refund claim, the 6501 Assessment Period has expired with respect to the bakery. Thus, while the restaurant may be entitled to a refund because of the $900 in additional expense-deductions it

had in its tax year, the IRS will be unable to assess the additional $900 in income to the local bakery. Under section 6511, the restaurant's claim for refund was timely and will on these facts be granted, regardless of the expiration of the 6501 Assessment Period against the bakery.

Abbott Laboratories' Claims for Refunds are no different. They were filed before the 6511 Refund Period expired as to its tax years and after the 6501 Assessment Period expired as to ATCI's tax years. Like the restaurant and the bakery above, Abbott Laboratories' right to claim a refund under section 6511 is established, regardless of the expiration of the 6501 Assessment Period against ATCI.

## II. ABBOTT LABORATORIES' CLAIMS FOR REFUNDS WERE TIMELY FILED UNDER TEMP. TREAS. REG. § 1.925(a)-1T(e)(4).

### A. Background on FSC Provisions.

Congress established the Foreign Sales Corporation (FSC) regime in section 921, et seq., as a tax incentive for stimulating exports by United States manufacturers.[3] Brown-Forman Corp. v. Commissioner, 94 T.C. 919,924 (1990), aff'd, 955 F.2d 1037 (6th Cir. 1992); Boeing Co. v. United States, 537 U.S. 437, 440 (2003). The FSC is a foreign corporation through which a U.S. manufacturing parent may permanently exempt a portion of its income from qualified export sales. General Dynamics Corp. v. Commissioner, 108 T.C. 107, 116 (1997); I.R.C. § 922(a). In the case of a commission FSC, such as ATCI, the U.S. manufacturer-supplier (Abbott Laboratories) is entitled to a formulaic deduction for commissions paid to its FSC in connection

---

[3] This DISC provisions of the code were replaced in 1984 with the FSC provisions. See Deficit Reduction Act of 1984, Pub. L. 98-369. For transactions occurring after September 30, 2000 (subject to the transition rules), Congress replaced the FSC provisions with the Extraterritorial Income Exclusion regime. See FSC Repeal and Extraterritorial Income Exclusion Act of 2000, Pub. L. 106-519. Congress ultimately repealed both the FSC and ETI regimes for transactions occurring after December 31, 2006. See American Jobs Creation Act of 2004, Pub. L. 108-357 and Tax Increase Prevention and Reconciliation Act of 2005, Pub. L. 109-222.

with the FSC's "foreign trading gross receipts," which are generated by a FSC's sales of qualified "export property." I.R.C. § 924(a). "Export property" is property manufactured in the United States, held for sale for direct use, consumption, or disposition outside the United States, and has no more than 50 percent of its fair market value from articles imported into the United States. I.R.C. § 927(a)(1).

It was an increase in the amount of commissions paid to ATCI and, thus, in Abbott Laboratories' commission expenses and ATCI's commission income, that caused Abbott Laboratories to file its Claims for Refunds here for 1987, 1988, and 1989.

**B. Temp. Treas. Reg. § 1.925(a)-1T(e)(4) provides only that a claim for refund be filed within the time periods set forth by section 6511; it makes no mention of the time periods of section 6501.**

The government's assertion under RCFC 12(b)(6) that Abbott Laboratories' Complaint fails to state a claim upon which relief can be granted is as follows:

> The complaint filed in this case failed to state a claim upon which relief can be granted because plaintiff (the related supplier) failed to file its claims for refund before the periods expired within which the IRS was permitted to assess additional federal income tax against ATCI, the foreign sales corporation (FSC). Treas. Reg. §1.925(a)-1T(e)(4) requires that any redetermination of FSC commission shall affect both the FSC and the related supplier. The period of limitations within which assessments could be made of additional tax against the FSC for tax years 1987, 1988, or 1989 expired. The period of limitations within which assessments could be made of additional tax against the FSC for tax years 1987, 1988 or 1989 due to the redeterminations of the FSC's commission for those periods expired before plaintiff filed its claim for credit or refund of overpayments of tax for 1987, 1988 or 1989.

(Am. Answer ¶70.)

With only Temp. Treas. Reg. § 1.925(a)-1T as its hook, the government seeks to "catch" Abbott Laboratories and ATCI by imposing an obligation that exists nowhere in the Code, in the Treasury Regulations generally, or, indeed, in Temp. Treas. Reg. § 1.925(a)-1T specifically. Indeed as the government stated in Union Carbide: "the benefit sought under Temp. Treas. Reg.

§ 1.925(a)-1T(e)(4) is <u>conditioned exclusively</u> on the limitations period set forth in section 6511." (Ex. BB, Gov. UC Brief at 58 (emphasis added) (citation omitted).)

Temp. Treas. Reg. § 1.925(a)-1T generally provides transfer pricing rules with respect to the amounts paid by related suppliers to FSCs. Under the heading "Subsequent determination of transfer price, rental income or commission," the temporary regulation states pertinently that:

> . . . <u>[A] redetermination may be made by the FSC and related supplier if their taxable years are still open under the statute of limitations for making claims for refund under **section 6511** if they determine that a different transfer pricing method may be more beneficial.</u> Also, the FSC and related supplier may redetermine the amount of foreign trading gross receipts and the amount of the costs and expenses that are used to determine the FSC's and related supplier's profits under the transfer pricing methods. <u>Any redetermination **shall affect** both the FSC and the related supplier.</u> The FSC and the related suppler may not redetermine that the FSC was operating as a commission FSC rather than a buy-sell FSC, and vice versa.

(Emphasis added.)

The government's Additional Defense proposes that the emphasized "shall affect" sentence imposes an additional timing requirement for filing a redetermination of commission expense, namely, in this case, that the 6501 Assessment Period be open for ATCI.

The problem with the government's additional-requirement argument is that there is no reference to section 6501 in section 925 or in the implementing Treasury Regulations at all, ***anywhere***. Temp. Treas. Reg. § 1.925(a)-1T(e)(4) makes no reference to the 6501 Assessment Period. Instead, as the emphasized "section 6511" sentence shows, the 6511 Assessment Period is the express and, thus, the sole relevant provision when determining whether a claim of refund arising from additional FSC commission expenses is timely made. "[A] redetermination may be made by the FSC and related supplier if their taxable years are still open under the statute of limitations for making claims for refund under section 6511 . . . ." The language in the

temporary regulation does not reference or establish ***any*** requirement that the 6501 Assessment Period be open with respect to a FSC at any particular point in time.

Treasury might have drafted the temporary regulation to include the section 6501 requirement along with the section 6511 requirement; it did not. The Secretary's word choices are presumed to have been deliberate, and the different effects should be respected. See, e.g., Pettis ex rel United States v. Morrison-Knudsen Co., 577 F.2d 668, 672 (9th Cir. 1978) ("discharge of our obligation to follow the intent of Congress requires that we assume that Congress said what it meant and meant what it said"); 2A Singer, Norman J., Sutherland Statutes and Statutory Construction, § 46.06 at 192 (2000 ed.) ("every word of a statute must be presumed to have been used for a purpose"). If Treasury intended to condition the ability to file a claim for refund by the related supplier on the 6501 Assessment Period being open for the FSC, they knew how to make an explicit reference to section 6501. They did not. And, if the government wishes to amend its legislative regulations, it should do so. See Woods Investment Co. v. Commissioner, 85 T.C. 274, 282 (1985) ("[s]ince respondent has not taken steps to amend his regulations, we believe his apparent reluctance to use his broad power in this area does not justify judicial interference in what is essentially a legislative and administrative matter."). Any "interpretation" of Temp. Treas. Reg. § 1.925(a)-1T(e)(4) that imposes an implied section 6501 requirement onto the express 6511 Refund Period finds no support in the regulation and is contrary to its plain meaning.

### C. The "shall affect" language of Temp. Treas. Reg. § 1.925(a)-1T(e)(4) is in accordance with the need for consistent treatment of FSC transactions as between the FSC and the related supplier – nothing more.

The "shall affect" sentence of Temp. Treas. Reg. § 1.925(a)-1T(e)(4) states that "Any redetermination shall affect both the FSC and the related supplier." (Emphasis added.) The

government's position takes this very simple sentence and warps it into a requirement that embraces both the 6511 Refund Period and the 6501 Assessment Period. Not only must the 6511 Refund Period be open with respect to Abbott Laboratories' Claims for Refunds, the argument goes, but the 6501 Assessment Period must be open as to ATCI as well.

Taken in context of the entire regulation, the "shall affect" sentence merely sets forth the basic principle that any changes to the amount of FSC commission expenses paid by a related supplier should correspond with changes to the income received by a FSC (see the restaurant and bakery example, above). The sentence in Temp. Treas. Reg. § 1.925(a)-1T(e)(4) ***before*** the "shall affect" sentence provides that "the FSC and related supplier may redetermine the amount of foreign trading gross receipts and the amount of the costs and expenses that are used to determine the FSC's and related supplier's profits under the transfer pricing methods." This enables both the FSC and the related supplier to redetermine the income, costs, and expenses associated with transactions that generate foreign trading gross receipts. Similarly, the sentence in Temp. Treas. Reg. § 1.925(a)-1T(e)(4) immediately ***after*** the "shall affect" sentence provides that "[t]he FSC and the related suppler may not redetermine that the FSC was operating as a commission FSC rather than a buy-sell FSC, and vice versa." This restricts the FSC's ability to redetermine what type of foreign sales corporation it is, which is relevant to the calculation of the tax benefit. Viewed in context, then, the "shall affect" sentence provides that such redeterminations of FSC commission expense by a related supplier should also result in a correlative redetermination of commission income by the FSC. Nothing more. While the Tax Court has coupled the "shall affect" sentence with the "section 6511" sentence to hold that the 6511 Refund Period must be open with respect to both the related supplier and the FSC when refund claims are made, even the government was (then at least) unwilling to go so far as to

claim that the "shall affect" sentence ***also*** imposed a 6501 Assessment Period requirement on the FSC. See Union Carbide, 110 T.C. at 385-386; see also Ex. BB, Gov. UC Brief at 58.

## III. ABBOTT LABORATORIES' CLAIMS FOR REFUNDS WERE TIMELY FILED IN ACCORDANCE WITH THE TAX COURT'S OPINION IN UNION CARBIDE.

The Tax Court in Union Carbide held that, under Temp. Treas. Reg. § 1.925(a)-1T(e)(4), the period of limitations under section 6511 must be open for both a FSC and its related supplier at the time when the related supplier seeks to redetermine the FSC commission expense. 110 T.C. at 392. The Tax Court stated:

> [The IRS] maintains that [the regulation] allows the FSC and the related supplier to change their administrative pricing method, or the grouping of transactions to which the methods are applied, only if such redeterminations are made while the periods of limitations for making claims for refund under section 6511 are open for BOTH the FSC AND the related supplier (dual section 6511 requirement). . . .
>
> We agree with [the IRS]. The Regulation is clear and unambiguous, and that is where our inquiry as to the meaning of the Regulation must end. . . .
>
> In response to petitioner's principal argument, the antecedents of the pronoun "their" in [the regulation] are unequivocally the related supplier AND the FSC. Thus, [the regulation] on its face mandates that the period of limitations under section 6511 be open for both the related supplier and the FSC in order for FSC commission expenses to be redetermined.

Id. at 385-86 (emphasis in original; citations omitted).

In deciding whether there was a "dual section 6511 requirement" applicable to both the related supplier and the FSC, the Tax Court was also presented with the taxpayer's argument there (and, now, the government's argument here) that it was, in fact, the 6501 Assessment Period regarding the FSC that mattered. Union Carbide, 110 T.C. at 387. The IRS disagreed. "[T]he regulation does not require that the limitations period for assessing a tax under section 6501 be open with respect to" a FSC. (See Ex. BB, Gov. UC Brief at 58.) The IRS reasoned that:

> [I]t does not follow that the section 6501 period of limitations on making assessment must also be the relevant time period for taxpayers to make the redetermination under section 1.925(a)-1T(e)(4). Section 1.925(a)-1T(e)(4) expressly references section 6511, not section 6501, to condition taxpayer redeterminations. So as a matter of law the FSC and the related supplier may only redetermine their transfer pricing during the period that their statutes of limitation under section 6511 are open.

(See Ex. CC, Respondent's Reply To Petitioner's Brief In Support Of Its Motion For Partial Summary Judgment at 33, Union Carbide (No. 3501-94) ("Gov. UC Reply Brief").) Likewise –

> [P]etitioner assumes that taxpayers may unilaterally replace the conditions expressly prescribed in the temporary Regulation with the broader limitations period set forth in section 6501(e)(1)(A). However, . . . , neither petitioner nor this Court may rewrite the regulation to fit petitioner's needs . . . , and the benefits generally available under section 1.925(a)-1T(e)(4) are subject to the reasonable conditions expressly prescribed therein.

(See Ex. CC, Gov. UC Reply Brief at 41 (citations omitted).)

In addressing the parties' dispute on this score, the Tax Court explained that:

> While section 6501 undeniably governs [the IRS's] ability to assess deficiencies, [Temporary Treasury Regulation § 1.925(a)-1T(e)(4)] expressly ties taxpayers' redeterminations of FSC expenses to the period of limitations under section 6511. These are wholly independent matters, which petitioner wrongly conflates. Accordingly, we disagree with petitioner's attempt to insert the limitations period of its choosing in lieu of section 6511 to secure the benefits of the Regulation.

Union Carbide, 110 T.C. at 387 (emphasis added).

The Tax Court was certainly mindful of the possibility that, in some circumstances, a timely redetermination of a FSC commission expense could be made under section 6511 when the period on assessments under section 6501 was closed. Union Carbide, 110 T.C. at 391 ("A related supplier could claim a refund based on additional FSC commissions while the period of limitations under section 6511 is open for both the related supplier and the FSC, but after the period of limitations has expired under section 6501 for respondent to assess the FSC's correlative deficiency."). But, "[w]hether or not . . . respondent would be able to assess

deficiencies against the FSC, notwithstanding the expiration of the period of limitations under section 6501, is not a question before us, and we need not speculate about it." Id. Thus, although the Tax Court did not finally decide the issue, it certainly did not impose a 6501 Assessment Period requirement on a FSC in addition to the 6511 Refund Period. Instead, it held simply that the taxpayer's claims for refund were not timely because they were not filed within the 6511 Refund Period applicable to both the taxpayer and its FSC.

In accordance with the Tax Court's analysis in Union Carbide, therefore, Abbott Laboratories' Claims for Refunds arising from its additional FSC commission expenses can be made regardless of the 6501 Assessment Period with respect to ATCI. If a "dual section 6511 requirement" exists as the Tax Court held in Union Carbide, then Abbott Laboratories satisfied it. The 6511 Refund Period applicable to ATCI expired on June 30, 1998. The 6511 Refund Period applicable to Abbott Laboratories expired on March 30, 1999. Abbott Laboratories filed the Claims for Refunds on June 29, 1998 – one day early for ATCI and almost nine months early for Abbott Laboratories. Thus, the 6511 Refund Period was open for both Abbott Laboratories and ATCI. Abbott Laboratories satisfied any and all procedural requirements that existed for filing its Claims for Refunds – it filed them within the 6511 Refund Period, and it filed them within any such additional Union Carbide-created "dual section 6511 requirement."

## CONCLUSION

For the reasons set forth above, Abbott Laboratories and U.S. subsidiaries, respectfully request that this Court grant its Motion for Partial Summary Judgment.

Respectfully submitted,

s/ Thomas V. M. Linguanti

Robert W. DeJoy
Attorney of Record
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 891-3993

Thomas V. M. Linguanti
Robert S. Walton
Of Counsel
BAKER & McKENZIE LLP
130 East Randolph Drive
Chicago, IL 60601
(312) 861-2623

Scott A. Knott
Of Counsel
BAKER & McKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
(202) 452-7017

Counsel for Plaintiff,
Abbott Laboratories and U.S. Subsidiaries

Dated this 16th day of April, 2007

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 06-778T**
**(Hon. Francis M. Allegra)**

**ABBOTT LABORATORIES AND U.S. SUBSIDIARIES,**

**Plaintiff**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant**

**PROPOSED FINDINGS OF UNCONTROVERTED FACT**

In accordance with Rule 56(h)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the plaintiff, Abbott Laboratories and U.S. Subsidiaries ("Abbott Laboratories"), submits these Proposed Findings of Uncontroverted Fact in support of its motion for partial summary judgment filed concurrently herewith.

1. This action is brought to recover an overpayment of Federal income tax and interest thereon arising under the Internal Revenue Code of 1986, as amended (26 U.S.C.) (I.R.C.), for tax years ended December 31, 1987 ("1987"), December 31, 1988 ("1988"), and December 31, 1989 ("1989"). Jurisdiction is conferred upon this Court under 28 U.S.C. § 1491(a)(1). (Compl. ¶1; Am. Answer ¶1.)

2. Abbott Laboratories is organized and existing under the laws of the State of Illinois. Abbott Laboratories' principal offices are located at 100 Abbott Park Road, Abbott

Park, Illinois 60064. Abbott Laboratories' Federal employer identification number is 36-0698440. (See Compl. ¶2; Am. Answer ¶2; Declaration of AJ Shoultz ¶3 ("Decl.").)

3. Defendant is the United States of America. (Compl. ¶3; Am. Answer ¶3.)

4. Abbott Trading Company, Inc. ("ATCI"), was incorporated in the U.S. Virgin Islands and is a wholly owned subsidiary of Abbott Laboratories. ATCI elected to be treated as a "foreign sales corporation" ("FSC") under section[1] 922(a) and was taxable as such under section 921, et seq., and the Treasury Regulations (26 C.F.R.) thereunder (the "FSC rules"), during 1987, 1988, and 1989. (See Compl. ¶4; Am. Answer ¶4; Decl. ¶4.)

5. This action was timely filed under section 6532. (Compl. ¶17; Am. Answer ¶17.)

6. Abbott Laboratories timely filed Forms 1120, U.S. Corporation Income Tax Returns, for 1987, 1988, and 1989 (collectively, the "original Abbott returns"). (See Compl. ¶5; Am. Answer ¶5; Decl. ¶5.)

7. Abbott Laboratories on various dates timely filed Forms 872, Consent to Extend the Time to Assess Tax, with respect to 1987, 1988, and 1989. (Ex.'s A-H to Compl.; Compl. ¶6; Am. Answer ¶6; Decl. ¶6.)

8. The assessment period under section 6501 (the "6501 Assessment Period") with respect to Abbott Laboratories for 1987, 1988, and 1989 was extended through September 30, 1998. (Compl. ¶6; Am. Answer ¶6; Decl. ¶7.)

9. ATCI timely filed its Forms 1120-FSC, U.S. Income Tax Return of a Foreign Sales Corporation, for 1987, 1988, and 1989 (the "original FSC returns"). (See Compl. ¶7; Am. Answer ¶7; Decl. ¶8.)

[1] Unless otherwise indicated, all "section" references are to the Internal Revenue Code of 1986 (26 U.S.C.)(I.R.C.), as amended, or to the Treasury Regulations (26 C.F.R.) (Treas. Reg.) issued thereunder, in effect during the years at issue.

10. On various dates after filing the original FSC returns, ATCI timely filed its statutory extensions, Forms 872, with respect to 1987, 1988, and 1989, extending the 6501 Assessment Period for these years, through December 31, 1997. (Ex.'s I-N to Compl.; Compl. ¶8; Am. Answer ¶8; Decl. ¶9.)

11. On the original Abbott returns, Abbott Laboratories claimed deductions for its FSC commission expenses associated with the export sales that generated "foreign trading gross receipts" under section 924. (See Compl. ¶23; Am. Answer ¶23; Decl. ¶10.)

12. ATCI reported corresponding income related to these FSC commissions on the original FSC returns. (See Compl. ¶23; Am. Answer ¶23; Decl. ¶11.)

13. On the original Abbott returns and the original FSC returns, Abbott Laboratories and ATCI calculated the FSC commission payable to ATCI by broadly "grouping" transactions by product group, an acceptable methodology under the FSC rules and the "combined taxable income" method. (See Compl. ¶¶ 24, 25; Am. Answer ¶¶ 24, 25; Decl. ¶12.)

14. After filing the original Abbott returns, Abbott Laboratories realized that it had failed to claim the maximum amount of FSC commission expense deductions to which it was entitled under the FSC rules. (See Compl. ¶29; Am. Answer ¶29; Decl. ¶13.)

15. As a result, Abbott Laboratories redetermined its FSC commissions for 1987, 1988, and 1989 by using a transaction-by-transaction analysis and filed Forms 1120X, Amended U.S. Corporation Income Tax Returns, for 1987, 1988, and 1989 reflecting the new amounts (the "Claims for Refunds"). (See Compl. ¶¶11, 34; Am. Answer ¶¶11, 34; Decl. ¶14.)

16. Abbott Laboratories filed the Claims for Refunds on June 29, 1998, seeking refunds arising from these additional FSC Commission expenses under the new methodologies**.** (See Ex.'s O-Q to Compl.; Compl. ¶11; Am. Answer ¶11; Decl. ¶¶15, 23(a), 23(b), 23(c).)

17. On June 29, 1998, ATCI filed a letter under penalties of perjury with the IRS Service Center in Philadelphia, Pennsylvania, asserting additional FSC commission income for 1987, 1988, and 1989. (See Ex.'s R-T to Compl.; Compl. ¶12; Am. Answer ¶12; Decl. ¶¶16, 23(d), 23(e), 23(f).)

18. At the time that the Claims for Refunds were filed, the statute of limitations within which a taxpayer may claim a refund for overpaid taxes, which is set forth in section 6511 (the "6511 Refund Period"), was open with respect to Abbott Laboratories. (See Compl. ¶13; Am. Answer ¶13; Decl. ¶17.)

19. At the time that the Claims for Refunds were filed, the 6511 Refund Period was open with respect to ATCI as well. (See Compl. ¶14; Am. Answer ¶14.)

20. At the time that the Claims for Refunds were filed, the statute of limitations establishing the period by when the IRS may assess additional taxes, which is set forth in section 6501, with respect to ATCI had expired. (See Compl. ¶¶6, 11; Am. Answer ¶¶6, 11.)

21. The timing of these filings is illustrated as follows:

| DATE | RELEVANT EVENT |
|---|---|
| | |
| December 31, 1997 | 6501 Assessment Period expired for ATCI (section 6501(c)(4)) |
| **June 29, 1998** | **Abbott Laboratories filed the Claims for Refunds** |
| June 30, 1998 | 6511 Refund Period expired for ATCI (section 6511(c)(1)) |
| September 30, 1998 | 6501 Assessment Period expired for Abbott Laboratories (section 6501(c)(4)) |
| March 30, 1999 | 6511 Refund Period expired for Abbott Laboratories (section 6511(c)(1)) |

(Compl. ¶¶6, 8-11; Am. Answer ¶¶6, 8-11.)

22. The IRS examined the Claims for Refunds and initially rejected the method that Abbott Laboratories used to recalculate the FSC commissions. (See Compl. ¶43; Am. Answer ¶43; Decl. ¶18.)

23. Abbott Laboratories proposed a revised method of calculating the FSC commissions, and, this time, the IRS examination team agreed. (See Compl. ¶44; Am. Answer ¶44; Decl. ¶19.)

24. On July 13, 2004, the IRS examination team issued a Form 870, Waiver of Restriction on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, which included the increased amount of FSC commissions Abbott Laboratories was deemed to have paid ATCI based on the calculations agreed upon by the parties. (See Ex. X to Compl.; Compl. ¶57; Am. Answer ¶57; Decl. ¶¶20, 23(h).)

25. By August, 2004, the IRS submitted to the Joint Committee on Taxation a report pursuant to section 6405 that detailed the IRS examination team's intention to grant the Claims for Refunds in the amounts as agreed to by Abbott Laboratories and the IRS examination team (the "Joint Committee report"). (See Compl. ¶58; Am. Answer ¶58.)

26. The Joint Committee report acknowledged that the Claims for Refunds had been filed within the 6511 Refund Period for both Abbott Laboratories and ATCI. (See Compl. ¶60; Am. Answer ¶60.)

27. The Joint Committee on Taxation nevertheless recommended denying the Claims for Refunds. (See Compl. ¶62; Am. Answer ¶62.)

28. On December 2, 2004, the IRS denied the Claims for Refunds. (Ex. U to Compl.; Compl. ¶65; Am. Answer ¶65; Decl. ¶¶21, 23(g).)

29. The sole reason the IRS provided for the denial was that the Claims for Refunds were "untimely." (See Compl. ¶68; Am. Answer ¶68.)

30. This action was filed within two years after those Claims for Refunds were denied. (Compl. ¶16; Am. Answer ¶16.)

Respectfully submitted,

s/ Thomas V. M. Linguanti

Robert W. DeJoy
Attorney of Record
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 891-3993

Thomas V. M. Linguanti
Robert S. Walton
Of Counsel
BAKER & McKENZIE LLP
130 East Randolph Drive
Chicago, IL 60601
(312) 861-2623

Scott A. Knott
Of Counsel
BAKER & McKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
(202) 452-7017

Counsel for Plaintiff,
Abbott Laboratories and U.S. Subsidiaries

Dated this 16th day of April, 2007