**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 06-778T**
**(Hon. Francis M. Allegra)**

**ABBOTT LABORATORIES AND U.S. SUBSIDIARIES,**

**Plaintiff**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant**

**Declaration of AJ Shoultz**

1. I am currently employed by Abbott Laboratories ("Abbott") as the Vice President, Taxes.

2. My duties include the maintenance of records for Abbott Laboratories and U.S. Subsidiaries ("Abbott Laboratories") for all Internal Revenue Service audits and appeals. These Federal tax records are kept in or maintained by the Abbott Park, Illinois, office of Abbott Laboratories.

3. Abbott Laboratories is organized and existing under the laws of the State of Illinois. Abbott Laboratories' principal offices are located at 100 Abbott Park Road, Abbott Park, Illinois 60064. Abbott Laboratories' Federal employer identification number is 36-0698440.

4. Abbott Trading Company, Inc. ("ATCI"), was incorporated in the U.S. Virgin Islands and is a wholly owned subsidiary of Abbott Laboratories. ATCI elected to be treated as a

"foreign sales corporation" ("FSC") under section[1] 922(a) and was taxable as such under section 921, *et seq.*, and the Treasury Regulations thereunder (the "FSC rules"), during 1987, 1988, and 1989.

5. Abbott Laboratories timely filed Forms 1120, U.S. Corporation Income Tax Returns, for periods ended December 31, 1987 ("1987"), December 31, 1988 ("1988"), and December 31, 1989 ("1989") (collectively, the "original Abbott returns").

6. Abbott Laboratories on various dates timely filed Forms 872, Consent to Extend the Time to Assess Tax, with respect to 1987, 1988, and 1989.

7. The statute of limitations establishing the period by when the IRS may assess additional taxes, which is set forth in section 6501 (the "6501 Assessment Period"), with respect to Abbott Laboratories for 1987, 1988, and 1989, was extended through September 30, 1998.

8. ATCI timely filed its Forms 1120-FSC, U.S. Income Tax Return of a Foreign Sales Corporation, for 1987, 1988, and 1989 (the "original FSC returns").

9. On various dates after filing the original FSC returns, ATCI timely filed its statutory extensions, Forms 872, with respect to 1987, 1988, and 1989, extending the 6501 Assessment Period for these years, through December 31, 1997.

10. On the original Abbott returns, Abbott Laboratories claimed deductions for its FSC commission expenses associated with the export sales that generated "foreign trading gross receipts" under section 924.

11. ATCI reported corresponding income related to these FSC commissions on the original FSC returns.

---

1 Unless otherwise indicated, all "section" references are to the Internal Revenue Code of 1986 (26 U.S.C.)(I.R.C.), as amended, or to the Treasury Regulations (26 C.F.R.) (Treas. Reg.) issued thereunder, in effect during the years at issue.

12. On the original Abbott returns and the original FSC returns, Abbott Laboratories and ATCI calculated the FSC commission payable to ATCI by broadly "grouping" transactions by product group, an acceptable methodology under the FSC rules and the "combined taxable income" method.

13. After filing the original Abbott returns, Abbott Laboratories realized that it had failed to claim the maximum amount of FSC commission expense deductions to which it was entitled under the FSC rules.

14. As a result, Abbott Laboratories redetermined its FSC commissions for 1987, 1988, and 1989 by using a transaction-by-transaction analysis and filed Forms 1120X, Amended U.S. Corporation Income Tax Returns, for 1987, 1988, and 1989 reflecting the new amounts (the "Claims for Refunds").

15. Abbott Laboratories filed the Claims for Refunds on June 29, 1998, seeking refunds arising from these additional FSC Commission expenses under the new methodologies.

16. On June 29, 1998, ATCI filed a letter under penalties of perjury with the IRS Service Center in Philadelphia, Pennsylvania, asserting additional FSC commission income for 1987, 1988, and 1989.

17. At the time that the Claims for Refunds were filed, the statute of limitations within which a taxpayer may claim a refund for overpaid taxes, which is set forth in section 6511 (the "6511 Refund Period"), was open with respect to Abbott Laboratories and ATCI.

18. The IRS examined the Claims for Refunds and initially rejected the method that Abbott Laboratories used to recalculate the FSC commissions.

19. Abbott Laboratories proposed a revised method of calculating the FSC commissions. The IRS examination team agreed to the revised calculation.

20. On July 13, 2004, the IRS examination team issued a Form 870, Waiver of Restriction on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, which included the increased amount of FSC commissions Abbott Laboratories was deemed to have paid ATCI based on the calculations agreed upon by the parties.

21. On December 2, 2004, the IRS denied the Claims for Refunds.

22. The sole reason the IRS provided for the denial was that the Claims for Refunds were "untimely."

23. The following exhibits are attached to the Complaint or Motion for Partial Summary Judgment, unless otherwise stated, and are true and correct copies of Federal tax records, which are kept in or maintained by the Abbott Park, Illinois, office of Abbott Laboratories in the regular course of business:

a. Exhibit O is an Internal Revenue Service Form 1120X, Amended U.S. Corporation Income Tax Return, for Abbott Laboratories and U.S. Subsidiaries, tax year ended December 31, 1987, dated June 26, 1998.

b. Exhibit P is an Internal Revenue Service Form 1120X, Amended U.S. Corporation Income Tax Return, for Abbott Laboratories and U.S. Subsidiaries, tax year ended December 31, 1988, dated June 26, 1998.

c. Exhibit Q is an Internal Revenue Service Form 1120X, Amended U.S. Corporation Income Tax Return, for Abbott Laboratories and U.S. Subsidiaries, tax year ended December 31, 1989, dated June 26, 1998.

d. Exhibit R is a letter from John F. Lussen, Abbott Laboratories, Vice President Taxes, to the Internal Revenue Service Center, Philadelphia, Pennsylvania, dated June 26, 1998, relating to ATCI's tax year ended December 31, 1987.

e. Exhibit S is a letter from John F. Lussen, Abbott Laboratories, Vice President Taxes, to the Internal Revenue Service Center, Philadelphia, Pennsylvania, dated June 26, 1998, relating to ATCI's tax year ended December 31, 1988.

f. Exhibit T is a letter from John F. Lussen, Abbott Laboratories, Vice President Taxes, to the Internal Revenue Service Center, Philadelphia, Pennsylvania, dated June 26, 1998, relating to ATCI's tax year ended December 31, 1989.

g. Exhibit U is a letter from the Internal Revenue Service signed by David Oyler, Team Manager, to Abbott Laboratories and U.S. Subsidiaries dated December 2, 2004.

h. Exhibit X is an Internal Revenue Service Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, dated July 19, 2004.

i. Exhibit Y is an Internal Revenue Service Form 1120-FSC, U.S. Income Tax Return of a Foreign Sales Corporation, for Abbott Trading Company, Inc., tax year ended December 31, 1987, dated September 12, 1988.

j. Exhibit Z is an Internal Revenue Service Form 1120-FSC, U.S. Income Tax Return of a Foreign Sales Corporation, for Abbott Trading Company, Inc., tax year ended December 31, 1988, dated September 15, 1989.

k. Exhibit AA is an Internal Revenue Service Form 1120-FSC, U.S. Income Tax Return of a Foreign Sales Corporation, for Abbott Trading Company, Inc. tax year ended December 31, 1989.

* * *

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on April 16, 2007.

AJ Shoultz