# EXHIBIT

# CC

**UNITED STATES TAX COURT**

| | | |
|---|---|---|
| UNION CARBIDE CORPORATION and SUBSIDIARIES, | ) | |
| Petitioner, | ) | |
| v. | ) | Docket No. 3501-94 |
| COMMISSIONER OF INTERNAL REVENUE, | ) | JUDGE CLAPP II |
| Respondent. | ) | |

---

**RESPONDENT'S REPLY TO PETITIONER'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT (FOREIGN SALES CORPORATION ISSUE)**

---

STUART L. BROWN
Chief Counsel
Internal Revenue Service

OF COUNSEL:
JOSEPH F. MASELLI
Regional Counsel
7 World Trade Center
25th Floor
New York, N.Y. 10048
(212) 264-8021

## CONTENTS


| | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| RESPONDENT'S OBJECTIONS TO PETITIONER'S PROPOSED FINDINGS OF FACT | 2 |
| ARGUMENT | 15 |
| Petitioner's Assertion That Temporary Treasury Regulation Section 1.925(a)-1T(e)(4) is the Only Barrier to Unilateral Redeterminations of Transfer Pricing by Taxpayers Subject to Section 482 is Incorrect as a Matter of Law. | 15 |
| Petitioner Incorrectly Posits a Statutory Requirement to Allow Redeterminations of FSC Transfer Pricing or Commissions After the Filing of the Returns. | 19 |
| Petitioner's Construction of Temporary Treasury Regulation Section 1.925(a)-1T(e)(4) is at Odds with the Plain Language of the Regulation. | 25 |
| Petitioner's Position that Temporary Treasury Regulation Section 1.925(a)-1T(e)(4) Prescribes a Dual Statute of Limitations or Contemplates a Suspension of Any Statutes of Limitations is Incorrect as a Matter of Law. | 31 |
| Respondent's Regulation Files are Irrelevant to the Legal Question Before the Court, but Nevertheless Support the Validity of Temporary Treasury Regulation Section 1.925(a)-1T(e)(4). | 36 |
| The Policies Underlying the Enactment of Section 6501(e) Preclude Its Use By Taxpayers Subject to the FSC Regime to Obtain Overall Refunds. | 41 |
| Petitioner's Assertion that UCFSC's Net Income or Taxable Income Should Be Deemed "Gross Income" for Purposes of Section 6501(e) Is Without Legal or Logical Support. | 43 |
| CONCLUSION | 50 |

# CITATIONS

Page

CASES:

Acker, Commissioner v.,
361 U.S. 87 (1959) . . . . . . . . . . . . . . . . . . . . . . . 21

Angelus Milling Co. v. Commissioner,
325 U.S. 293 (1945) . . . . . . . . . . . . . . . . . . . . . . 35

Armco, Inc. v. Commissioner,
87 T.C. 865 (1986) . . . . . . . . . . . . . . . . . . . . . . . 36

Badaracco v. Commissioner,
464 U.S. 386 (1984) . . . . . . . . . . . . . . . . . . . . . . 38

Brewster v. Gage,
280 U.S. 327 (1930) . . . . . . . . . . . . . . . . . . . . . . 23

Buffalo Bills, Inc. v. United States,
31 Fed. Cl. 794 (1994) . . . . . . . . . . . . . . . . . . . . . 23

Bufferd v. Commissioner,
506 U.S. 523 (1993) . . . . . . . . . . . . . . . . . . . . 31, 32

Carew v. Commissioner,
215 F.2d 58 (6th Cir. 1954) . . . . . . . . . . . . . . . . . . 45

Chevron U.S.A. v. NRDC,
467 U.S. 837 (1984) . . . . . . . . . . . . . . . . . . . . . . 24

Colestock v. Commissioner,
102 T.C. 380 (1994) . . . . . . . . . . . . . . . . . . . . . . 42

Collins Electrical Co. v. Commissioner,
67 T.C. 911 (1977) . . . . . . . . . . . . . . . . . . . . . 29, 30

Colony, Inc. v. Commissioner,
357 U.S. 28 (1958) . . . . . . . . . . . . . . . . . . . 42, 45, 49

Connecticut General Life Ins. Co. v. Commissioner,
109 T.C., No. 5 (1997) . . . . . . . . . . . . . . . . . . . 14, 36

Correll, United States v.,
389 U.S. 299 (1967) . . . . . . . . . . . . . . . . . . . . . . 34

CWT Farms, Inc. v. Commissioner,
755 F.2d 790 (11th Cir. 1985),
cert. denied, 477 U.S. 903 (1986) . . . . . . . . . . . . . . . . 32

**CITATIONS**

Page

Edenfield v. Commissioner,
19 T.C. 13 (1952) . . . . . . . . . . . . . . . . . . . . . 45

Engle, Commissioner v.,
464 U.S. 206 (1984) . . . . . . . . . . . . . . . . . . . 35

Faltesek v. Commissioner,
92 T.C. 1204 (1989) . . . . . . . . . . . . . . . . . 31-33, 41

Fehlhaber v. Commissioner,
954 F.2d 653 (11th Cir. 1992) . . . . . . . . . . . . . 31, 32

Forster v. Commissioner,
T.C. Memo. 1961-281 . . . . . . . . . . . . . . . . . . . 46

Foster v. Commissioner,
80 T.C. 34 (1983), aff'd in part,
vacated in part, 56 F.2d 1430 (9th Cir. 1985),
cert. denied, 474 U.S. 1005 (1986) . . . . . . . . . . . 15, 17

General Dynamics Corp. v. Commissioner,
108 T.C. 107 (1997) . . . . . . . . . . . . . . . . . . . 42

Gibbs, Estate of v. Commissioner,
21 T.C. 443 (1954) . . . . . . . . . . . . . . . . . . . . 45

Goodenow v. Commissioner,
238 F.2d 20 (8th Cir. 1956),
rev'g., 25 T.C. 1 (1955) . . . . . . . . . . . . . . . . . 45

Goodson-Todman Enter., Ltd. v. Commissioner,
784 F.2d 66 (2d Cir. 1986) . . . . . . . . . . . . . . . 35

Green v. Commissioner,
7 T.C. 263 (1946),
aff'd, 168 F.2d 994 (6th Cir. 1948) . . . . . . . . . . . . 44

Hitachi Sales Corp. v. Commissioner,
T.C. Memo. 1994-159 . . . . . . . . . . . . . . . . . . . 17

InverWorld, Inc. v. Commissioner,
T.C. Memo. 1996-301
on recons, T.C. Memo. 1997-226 . . . . . . . . . . . . . . 30

Karme v. Commissioner,
73 T.C. 1163 (1980),
aff'd, 673 F.2d 1062 (9th Cir. 1982) . . . . . . . . . . . . 46

## CITATIONS


| | Page |
|---|---|
| L & F Int'l. Sales Corp. v. United States, 912 F.2d 377 (9th Cir. 1990) | 23 |
| Morton v. Ruiz, 415 U.S. 199 (1974) | 24 |
| Nat'l. Muffler Dealers Ass'n v. United States, 440 U.S. 472 (1979) | 34 |
| Order of R. Telegraphers v. Railway Express, 321 U.S. 342 (1944) | 40 |
| Rothensies v. Electric Storage Battery Co., 329 U.S. 296 (1946) | 40 |
| Ruud Mfg. Co. v. Commissioner, 10 T.C. 14 (1948), aff'd, 173 F.2d 222 (3d Cir. 1949) | 32, 33, 41 |
| Schneider v. Commissioner, T.C. Memo. 1985-139 | 44, 45 |
| University Country Club, Inc. v. Commissioner, 64 T.C. 460 (1975) | 42 |
| Uptegrove Lumber Co. v. Commissioner, 204 F.2d 570 (3d Cir. 1953) | 45 |

## CITATIONS

Page

CODE SECTIONS:


Section 45 (Revenue Act of 1928) . . . . . . . . . . . . . . 15

Section 61 . . . . . . . . . . . . . . . . . . . . . . 44, 45

Section 240(f) (Revenue Act of 1926) . . . . . . . . . . . . 15

Section 275(c) . . . . . . . . . . . . . . . . . . . . 44, 45

Section 291(a)(4) . . . . . . . . . . . . . . . . . . . . 43

Section 446(b) . . . . . . . . . . . . . . . . . . . . . . 17

Section 446(e) . . . . . . . . . . . . . . . . . . . . . . 17

Section 482 . . . . . . . . . . . . . . . . 15, 16, 18, 30, 37

Section 923(a)(3) . . . . . . . . . . . . . . . . . . . . . 43

Section 923(b) . . . . . . . . . . . . . . . . . . . . . . 43

Section 924 . . . . . . . . . . . . . . . . . . . . . . . 47

Section 925 . . . . . . . . . . . . . . . 5, 15, 19, 21, 22, 32

Section 925(a) . . . . . . . . . . . . . . 15, 16, 19, 20, 22

Section 925(a)(1) . . . . . . . . . . . . . . . . . . . . . 48

Section 925(a)(2) . . . . . . . . . . . . . . . . . . . . 3, 47

Section 925(c) . . . . . . . . . . . . . . . . . . . . . . 48

Section 6071 . . . . . . . . . . . . . . . . . . . . . . . 22

Section 6501 . . . . . . . . . . . . . . . . . . . . . . . 33

Section 6501(a) . . . . . . . . . . . . . . . 8, 9, 11, 12, 33

Section 6501(c)(4) . . . . . . . . . . . . . . . . . . . . . 39

Section 6501(e) . . . . . . . . . . . . . 3, 6, 13, 43-45, 47-49

Section 6501(e)(1)(A) . . . . . . . . . . . . . . . . . . . 44

Section 6501(e)(1)(A)(i) . . . . . . . . . . . . . . . 44, 48, 49

CITATIONS

Page

Section 6511 . . . . . . . . . . . . . . 9, 11, 12, 25-28, 31-33, 39

Section 6511(a) . . . . . . . . . . . . . . . . . . . . . . . 29

Section 7805 . . . . . . . . . . . . . . . . . . . . . . . . 24

REGULATIONS:

Temp. Treas. Reg. § 1.925(a)-1T(b)(2)(ii) . . . . . . . . . . 3, 6

Temp. Treas. Reg. § 1.925(a)-1T(c)(6)(i) . . . . . . . . . . . 47

Temp. Treas. Reg. § 1.925(a)-1T(c)(6)(iii)(D) . . . . . . . . 48

Temp. Treas. Reg. § 1.925(a)-1T(d)(2)(iii) . . . . . . . . . . 47

Temp. Treas. Reg. § 1.925(a)-1T(e)(3)(ii) . . . . . . . . . . . 4

Temp. Treas. Reg. § 1.925(a)-1T(e)(3)(iii) . . . . . . . . . . 46

Temp. Treas. Reg. § 1.925(a)-1T(e)(4) . 2, 3, 9, 15, 16, 18, 20, 22, 24, 25, 27, 30-33, 36

Temp. Treas. Reg. § 1.925(a)-1T(f) . . . . . . . . . . . . . . 47

Treas. Reg. § 1.61-3 . . . . . . . . . . . . . . . . . . . . . 45

Treas. Reg. § 1.482-1(a)(4) . . . . . . . . . . . . . . . . 15, 16

Treas. Reg. § 1.482-1(b)(3) . . . . . . . . . . . . . . . . 15, 30

Treas. Reg. § 1.482-1(d)(2) . . . . . . . . . . . . . . . . 28, 30

Treas. Reg. §§ 1.861-8 et. seq. . . . . . . . . . . . . . . . . . 3

MISCELLANEOUS:

1 Rohades and Langer, <u>U.S. International Taxation and Tax Treaties</u>, § 9.05[3] (1996) . . . . . . . . . . . . . . . . . . . . . . 27

12 Mertens, <u>Law of Fed. Income Taxation</u>, § 45F.126 (1996) . . . . . . . . . . . . . . . . . . . . . . 27

**CITATIONS**


Page

Bruce and Lieberman, 264-4th T.M., Foreign Sales Corporations, at A-36 (BNA 1996) . . . . . . . . 27

Preliminary Report to the House Comm. on Ways and Means, 73 Cong., 2d Sess. (1933) . . . . . . . . . . . . . . . . . . . . . 42

Rev. Rul. 82-81, 1982-1 C.B. 109 . . . . . . . . . . . . . . . . 37

S. Rep. No. 169, 98th Cong., 2d Sess. (1984) . . . . . . . . . . . . . . . . . . . . 20-22, 46

T. C. Rule 121(b) . . . . . . . . . . . . . . . . . . . . . . . . . 36

Webster's Third International Dictionary . . . . . . . . . 26, 43

UNITED STATES TAX COURT

| | | |
|---|---|---|
| UNION CARBIDE CORPORATION and SUBSIDIARIES, | ) | |
| Petitioner, | ) | |
| v. | ) | Docket No. 3501-94 |
| COMMISSIONER OF INTERNAL REVENUE, | ) | JUDGE CLAPP II |
| Respondent. | ) | |

---

**RESPONDENT'S REPLY TO PETITIONER'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT (FOREIGN SALES CORPORATION ISSUE)**

---

**PRELIMINARY STATEMENT**

By Order dated August 8, 1997, the Court directed the parties to file cross-motions for partial summary judgment with supporting memoranda of law on or before August 31, 1997, and reply memoranda of law on or before October 15, 1997. On August 22, 1997, the Court granted the parties' joint motion to extend time to comply with said Order until September 15, 1997, and October 30, 1997, respectively. Respondent's Motion for Summary Partial Judgment and supporting memorandum of law were mailed to the Court on September 15, 1997.

Respondent's legal position is set forth in Respondent's Memorandum of Law in Support of Respondent's Motion for Partial Summary Judgment and will not be repeated except as necessary to rebut or reply to the positions advocated in the Brief in Support of Petitioner's Motion for Partial Summary Judgment (Foreign Sales Corporation Issue), which are addressed herein.

Docket No. 3501-94

**RESPONDENT'S OBJECTIONS TO PETITIONER'S PROPOSED FINDINGS OF FACT**

1. through 5. No objection.

6. Respondent objects to the rationale stated in this proposed finding as vague and unsupported by the record. Paragraph 9 of the Stipulation of Facts ("Stip.") states only that UCFSC contracted with petitioner and Union Carbide Canada Ltd. ("UCCL") to perform the foreign economic processes activities ("FEPA") on UCFSC's behalf for the years in issue. There is no mention in the source referred to, or elsewhere in the record, of why the related parties entered into the contracts. (Stip. ¶ 9; Entire Record). There is no support in the source referred to, or elsewhere in the record, for a finding that "UCFSC possessed minimal corporate substance," id. and that phrase is meaninglessly vague.

7. No objection.

8. Respondent objects to this proposed finding as irrelevant and immaterial to the issue of whether the requirements of Temp. Treas. Reg. § 1.925(a)-1T(e)(4) are satisfied. (Joint Motion to File Stipulation of Facts ("Jt. Mot.") ¶ 7[b]; Stip. ¶ 15). Respondent proposes the relevant finding that on the original and amended returns, petitioner and UCFSC elected to increase the FSC commission paid to UCFSC by the amount of all expenses, other than cost of goods sold, incurred by petitioner. (Stip. ¶¶ 11 & 12; Jt. Exs. 4-D, 5-E, 6-F,

15-O(1), 15-O(2) and 15-O(3)). Should the Court find that the actual amount of FEPA expenses incurred during the years in issue is relevant or material to the legal issue, then those amounts present issues of fact for trial. (Jt. Mot. ¶ 7[b]; Stip. ¶ 15).

9. Respondent objects to this proposed finding as incomplete and proposes the more complete finding that UCFSC reimbursed UCCL and petitioner for the FEPA expenses and all other expenses (except for cost of goods sold) attributable to the foreign trading gross receipts upon which UCFSC's commissions were computed for the years in issue. (Stip. ¶¶ 10, 11, 12, & 13).

10. No objection, except that the proposed finding is incorrect in stating that:

> [i]nstead of the related supplier's charging its actual FEPA Costs to the FSC, <u>the FSC is charged an amount equal to the related supplier's operating expenses allocated and apportioned under Treas. Reg. § 1.861-8 (1978)</u> in computing CTI under section 925(a)(2).

(Emphasis added). As stipulated, the so-called "section 1.925(a)-1T(b)(2)(ii) costs" charged to the FSC must include all FEPA costs incurred by the related supplier, not simply the related supplier's operating expenses. (Stip. ¶ 11).

11. Respondent objects to the proposed finding that the section 1.925(a)-1T(b)(2)(ii) costs "far exceed[ed] petitioner's actual FEPA costs" as irrelevant and immaterial to the issue of whether UCFSC may use section 6501(e) to satisfy the requirements of Temp. Treas. Reg. § 1.925(a)-1T(e)(4). (Jt. Mot. ¶ 7[b];

Stip. ¶ 15). Respondent proposes the relevant finding that on the original and amended returns, petitioner and UCFSC elected to increase the FSC commission paid to UCFSC by the amount of all expenses, other than cost of goods sold, incurred by petitioner. (Stip. ¶¶ 11 & 12; Jt. Exs. 4-D, 5-E, 6-F, 15-O(1), 15-O(2) and 15-O(3)). Should the Court find that the actual amount of FEPA expenses incurred during the years in issue is relevant or material to the legal issue, then those amounts present issues of fact for trial. (Jt. Mot. ¶ 7[b]; Stip. ¶ 15).

12. Respondent objects to the proposed finding as incomplete and, therefore, misleading, and proposes the additional finding that petitioner's and UCFSC's method of offsetting their respective liabilities with respect to the section 1.925(a)-1T(b)(2)(ii) costs through intercompany accounting entries is in accordance with, and expressly sanctioned by, Temp. Treas. Reg. § 1.925(a)-1T(e)(3)(ii). (Stip. ¶ 12).

13. Respondent objects to this proposed finding as incorrect and contradicted by the record. Petitioner's and UCFSC's section 1.925(a)-1T(b)(2)(ii) elections had the "economic impact" of determining UCFSC's expenses and ultimate commissions for the years in issue and of providing economic substance to UCFSC as a foreign corporation engaged in economic processes outside of the United States with respect to the export transactions for those years. (Stip. ¶¶ 13, 15, 16, 17 & 18; Jt.

Exs. 4-D, 5-E & 6-F). The "economic impact" of the elections is mirrored by the "tax consequences" of the elections: The elections increased the commission income reportable by UCFSC, and more significantly, insured that UCFSC could compute its taxable profit under the safe harbor pricing methods of section 925 and the regulations thereunder. (Stip. ¶¶ 10, 11, 13, 15, 16, 17 & 18; Jt. Exs. 4-D, 5-E & 6-F).

14. No objection.

15. and 16. Respondent objects to these separate findings as incomplete, misleading, and ultimately irrelevant. It is stipulated that UCFSC failed to set forth its "FSC commission from related supplier" on Part III of Schedule P to its Forms 1120-FSC for the years in issue, but that if UCFSC had done so, the commission would have equaled the "foreign trade income" reported on the respective Schedules B for those years. (Stip. ¶¶ 16, 17 & 18). There being no dispute as to the amounts properly reportable as FSC commissions for purposes of this motion (id.), it is irrelevant how petitioner chose to characterize the deductions it claimed on its returns with respect to those commissions. In lieu of petitioner's proposed findings 15 and 16, respondent proposes the relevant finding that for the years in issue, petitioner deducted the full amount of the "FSC commission from related supplier" reportable on UCFSC's corresponding income tax returns. (Stip. ¶¶ 17 & 18).

17. No objection.

18. Respondent objects to this proposed finding as irrelevant and immaterial. It is stipulated that petitioner and UCFSC elected to charge all of the section 1.925(a)-1T(b)(2)(ii) expenses to UCFSC, not just the FEPA expenses. (Stip. ¶ 11). It is undisputed that this election was also made on UCFSC's amended income tax returns. (Jt. Exs. 15-O(1), 15-O(2) & 15-O(3)). Findings as to what petitioner and UCFSC might have done, but freely chose not to do, are mere speculation and are not material or relevant to the Court's decision of the section 6501(e) issue. Should the Court disagree, the actual amount of FEPA expenses incurred will present issues of fact for trial. (Jt. Mot. ¶ 7[b]; Stip. ¶ 15).

19. Respondent objects to this proposed finding as unsupported by the record and incomplete. While it is undisputed that petitioner's method of computing FSC commissions is extremely complex (see, e.g., Stip. ¶ 26; Exs. W, X & Y), it is obvious from the other entries on the respective Forms 1120-FSC, summarized in Stip. ¶¶ 16 and 17, that UCFSC could easily have summarized its computations in the manner prescribed on the respective Schedules P for the years in issue, just as the parties did in Stip. ¶ 18. (Stip. ¶¶ 16, 17 and 18; Jt. Exs. 4-D, 5-E & 6-F). Respondent, therefore, proposes a finding that the extreme complexity of petitioner's computations should not have prevented UCFSC from summarizing the FSC commission computations in the manner prescribed on the respective Schedules

P for the years in issue, because the FSC commissions for those years may be, and have been, easily deduced from other entries on the respective Forms 1120-FSC. (Id.). Respondent also proposes the more complete finding that if UCFSC had properly summarized its FSC commission computations on the respective Schedules P, it would have reported the following amounts as FSC profit, FSC expenses allocable to gross income from the transactions, and FSC commission from related supplier:

| Year | FSC Profit | FSC Expenses | FSC Commission |
|---|---|---|---|
| 1987 | $32,500,834 | $262,512,264 | $295,013,098 |
| 1988 | $67,739,956 | $324,176,298 | $391,916,254 |
| 1989 | $57,286,892 | $316,711,822 | $373,998,714 |

(Stip. ¶¶ 17 & 18).

20. Respondent objects to this finding as inaccurate and contradicted by the record. UCFSC did not report "nonexempt FSC Profit" anywhere on the Forms 1120-FSC in issue. Rather, UCFSC reported $11,304,765, $23,561,989 and $19,926,100 as both "Net income attributable to nonexempt foreign trade income" and "Taxable income attributable to foreign trade income" on the Schedules B to its income tax returns for the taxable years 1987, 1988 and 1989, respectively. (Jt. Exs. 4-D, 5-E & 6-G). UCFSC's taxable income for those years is not computed by, or equal to, "8/23ds" of the FSC profit that should have been reported on the Schedules P for the respective year. (Stip. ¶¶ 17 & 18; Jt. Exs. 4-D, 5-E & 6-G).

21. No objection.

Docket No. 3501-94

22. Respondent objects to the proposed finding as irrelevant to the merits of petitioner's instant claims.

23. Respondent objects to the rationale posited in the fourth and fifth sentences of the proposed finding as vague and incomplete. Respondent proposes the following alternative finding: During respondent's examination of the relevant audit cycle, petitioner, one of the largest taxpayers in the United States (Stip. ¶ 20), with its own staff of tax personnel (Stip. ¶ 28), did not attempt to redetermine its FSC commission deductions, did not anticipate making such redeterminations, and did not preserve its right to do so (or notify respondent of its intent to do so) in the future by filing protective claims before the expiration of UCFSC's periods for filing refund claims for the years in issue under section 6511. (Stip. ¶ 24).

24. No objection.

25. No objection, except that the proposed finding is incomplete. UCFSC's statutes of limitations for assessing deficiencies under I.R.C. § 6501(a) for its 1987, 1988 and 1989 taxable years also lapsed on September 15, 1991, August 22, 1992, and September 10, 1993, respectively, before the conclusion of the examination of the 1987 through 1989 Cycle. (Stip. ¶¶ 23 & 25). Petitioner concedes that its FSC commission

redeterminations should result in deficiencies for UCFSC's 1987, 1988 and 1989 years. (Pet. Br. at 33 ("respondent should be directed to assess the correlative deficiencies against UCFSC...")).

26. No objection, except that the examinations of petitioner's 1990-1991 and 1992-1993 Cycles are irrelevant to the issues before the Court for the years in issue.

27. No objection, except respondent proposes a more complete finding that petitioner's tax personnel did not contemplate recomputing its FSC commissions for any taxable years until after the examination of the 1987 through 1989 Cycle was completed (Stip. ¶¶ 23 & 28), after UCFSC's statutes of limitation under I.R.C. §§ 6511 and 6501(a) had lapsed for those years (Stip. ¶¶ 25 & 28), and after the case was docketed in this Court. (Stip. ¶ 28; Petition).

28. Respondent objects to this proposed finding as irrelevant to the issue before the Court because it involves other taxable years. Should the Court find relevance, respondent proposes the more complete and accurate finding that petitioner's similar refund claims for its 1990 and 1991 taxable years were made before the instant claims (Stip. ¶¶ 30 & 35), during the examination of the years for which the claims were made (Stip. ¶¶ 29 & 30), and within the time prescribed in Temp. Treas. Reg. § 1.925(a)-1T(e)(4) for such redeterminations (Stip. ¶¶ 29, 30, 31 & 32). Petitioner's refund claims for its 1990 and 1991

taxable years were revised several times in discussions with the International Examiner, and ultimately allowed "due to time constraints" without audit of the unit of production factor, intercompany profit adjustments, interest allocations or research and development allocations. (Stip. ¶¶ 30 & 31).

29. Respondent objects to this proposed finding as irrelevant to the merits of petitioner's instant claims because petitioner's refund claims for the 1990 and 1991 Cycle are not in issue here and, in contrast to the instant claims, were made in accordance with the Temp. Treas. Reg. § 1.925(a)-1T(e)(4). (See, ¶¶ 27 & 28, above).

30. Respondent objects to this proposed finding as irrelevant to the issues and the taxable years before the Court.

31. Respondent objects to this proposed finding as irrelevant to the issues and the taxable years before the Court. To the extent that the Court deems the proposed finding relevant, respondent proposes the more complete finding that petitioner's similar refund claims for its 1992 and 1993 taxable years were made during the examination of the years for which the claims were made (Stip. ¶¶ 38 & 39), and within the time prescribed in Temp. Treas. Reg § 1.925(a)-1T(e)(4) for such redeterminations (id.).

32. Respondent objects to this proposed finding as irrelevant to the issues and the taxable years before the Court. To the extent that the Court deems the proposed finding relevant,

respondent objects to this proposed finding as unsupported by the sources referenced, which make no mention of why the tentative partial allowance of petitioner's refund claims for its 1992 and 1993 taxable years was withdrawn. (Stip. ¶ 40; Jt. Ex. 14-N). Since there is no evidence or proffer concerning the reasons for respondent's withdrawal of the tentative partial allowance (Entire Record), respondent proposes the alternative finding that after devoting substantial time to examining the merits of petitioner's complex refund claims for its 1992 and 1993 taxable years, respondent determined the claims to be without merit by a notice of deficiency issued April 14, 1997. (Stip. ¶¶ 26, 28, 39, & 40; Jt. Exs. 8-H, 9-I, 12-L, 13-M, and 14-N; Exs. W, X, & Y).

33. Respondent objects to this proposed finding as irrelevant to the issues and the taxable years before the Court. To the extent that the Court deems the proposed finding relevant, the proposed finding is incomplete. Respondent proposes the additional finding: The first set of petitioner's instant claims were first raised during negotiations with Appeals, a year after the examination of the relevant years ended (Stip. ¶¶ 23, 24 & 35), over nine months after petitioner devised the methodologies and this case was docketed with the Court (Stip. ¶¶ 28 & 35; Petition), and well over one year after the limitations periods under I.R.C. §§ 6501(a) and 6511 lapsed with respect to 1989, the last year in issue (Stip. ¶¶ 25 & 35).

Docket No. 3501-94

34. No objection, except that the proposed finding is incomplete. Respondent proposes the additional finding: The second set of petitioner's instant refund claims were first raised during negotiations with Appeals, over a year and a half after the examination of the relevant years ended (Stip. ¶¶ 23, 24 & 41), four months after petitioner devised the methodologies (Stip. ¶¶ 39 & 41), a year and a half after this case was docketed with the Court (Stip. ¶ 41; Petition), and nearly two years after the limitations periods under I.R.C. §§ 6501(a) and 6511 lapsed with respect to 1989, the last year in issue (Stip. ¶¶ 25 & 41).

35. through 37. No objection.

38. Respondent objects to this proposed finding as unsupported and/or contradicted by the sources referenced, and as a proposed legal conclusion rather than finding of fact. It is unclear to what document or schedule petitioner is referring in its assertion that UCFSC's gross income "is the FSC profit shown in the schedules underlying Schedule P line 1." UCFSC failed to fill out any Schedules P for the years in issue (Stip. ¶ 18) and line 1 of the Schedules P report the amount of "Foreign trading gross receipts from transaction between FSC (or related supplier) and third party," not FSC profit. (Jt. Exs. 4-D, 5-E, & 6-F). Although petitioner's FSC profit may be deduced from the Schedules B of UCFSC's Forms 1120-FSC for the years in issue, those amounts are not set forth. (Id.). Respondent requests a

finding that UCFSC reported UCFSC's "Foreign trade income" on the Schedules B, line 8, to the Forms 1120-FSC in issue, which amounts petitioner concedes are identical to the amounts of the FSC commission reportable on the respective Schedules P (Part III, Line 3), as follows:

| Year | FSC Commission |
|---|---|
| 1987 | $295,093,098 |
| 1988 | $391,916,254 |
| 1989 | $393,998,714 |

(Stip. ¶¶ 17 and 18; Jt. Exs. 4-D, 5-E, & 6-F). Insofar as petitioner requests the Court to find that UCFSC's FSC profit for each year in issue is UCFSC's gross income for purposes of I.R.C. § 6501(e), the proposed finding seeks a conclusion of law and not a finding of fact. Respondent will not request an alternative finding of fact in lieu of the legal conclusion stated in petitioner's proposed finding. Rather, the legal question is addressed in respondent's memorandum of law and at p. 42, <u>infra</u>.

39. No objection, except insofar as this proposed finding improperly incorporates and embellishes the legal conclusion proposed in the prior proposed finding and is incomplete. Respondent proposes the alternative finding that the additional FSC profit claimed for UCFSC's 1988 and 1989 taxable years represents 27.5% and 40.3% of the FSC profit stipulated for each year respectively, and 4.7% and 6.1% of the Foreign trade income shown on UCFSC's respective income tax returns. (Stip. ¶¶ 16, 17, 18, 36 and 41; Jt. Exs. 4-D, 5-E, and 6-f). Respondent will

not request an alternative finding of fact in lieu of the legal conclusion stated in petitioner's proposed finding. Rather, the legal question is addressed in respondent's memorandum of law and at p. 42, infra.

40. Respondent objects to this proposed finding as argumentative and not supported by the record insofar as it equates FSC Profit with "gross income." Respondent will not request an alternative finding of fact in lieu of the legal conclusion stated in petitioner's proposed finding. Rather, the legal question is addressed in respondent's memorandum of law and at p. 42, infra.

41. No objection, except to the characterization "failed."

42. through 46. No objection, except that the administrative documents are irrelevant to the legal issue before the Court. Connecticut General Life Ins. Co. v. Commissioner, 109 T.C. No. 5 (1997).