**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 06-778T**
**(Hon. Francis M. Allegra)**

**ABBOTT LABORATORIES AND U.S. SUBSIDIARIES,**

**Plaintiff**

**v.**

**UNITED STATES,**

**Defendant**

# JOINT PRELIMINARY STATUS REPORT

Pursuant to paragraph 4 of Appendix A to the Rules of the United States Court of Federal Claims ("RCFC"), the plaintiff, Abbott Laboratories and U.S. subsidiaries ("Abbott Laboratories"), and defendant, the United States, submit the following information:

a. Jurisdiction. The parties agree that the Court has jurisdiction over the parties and the subject matter of this action.

b. Consolidation. The parties are unaware of any other case with which this case should be consolidated.

c. Bifurcation of trial. To the extent that trial is required, the parties do not believe that separate trials concerning the questions of liability and damages should be necessary in this case.

d. Deferral of proceedings. The parties know of no case pending before this Court that would justify deferral of proceedings in this case.

e. Remand or suspension. Not applicable.

f. Additional parties. The parties know of no additional parties who should be joined.

g. Dispositive motions. The Government has asserted in paragraph 70 of its First Amended Answer an "Additional Defense" pursuant to RCFC 12(b)(6) that the Complaint failed to state a claim for which relief could be granted. The Government contends that, in Abbott Laboratories' administrative claims for refund of federal income taxes for the 1987, 1988, and 1989 years, Abbott Laboratories improperly attempted to redetermine the commissions payable to its foreign sales corporation ("FSC"), because the FSC commission redetermination was not made within the period the Government contends is prescribed by 26 C.F.R. § 1.925(a)-1T(e)(4). On April 16, 2007, Abbott Laboratories filed a motion for partial summary judgment with respect to the Government's Additional Defense (the "Abbott Motion") on the grounds that its administrative claims for refund and its FSC commission redeterminations were timely as a matter of law. The Court, by Order dated April 17, 2007, stayed any further briefing on the Abbott Motion. The Government is engaged in drafting a cross-motion for dismissal of the complaint and brief in support thereof and in opposition to plaintiff's motion.

The parties agree that, should the Court deny the Abbott Motion and grant the Government's cross-motion, the whole case would be dismissed. (See part (h), below.)

The parties respectfully request that the Court set the following briefing schedule for the foregoing dispositive motions:

1. The Government will submit its response to the Abbott Motion and its own dispositive motion on or before June 15, 2007;

2. Abbott Laboratories will submit any reply to the Government's response to the Abbott Motion, along with its response to the Government's dispositive motion, on or before July 13, 2007.

3. The Government will submit any reply to Abbott Laboratories' response to the Government's dispositive motion on or before July 27, 2007.

h. Issues. – The preliminary legal issue before the Court is whether Abbott Laboratories' attempt to redetermine the commissions payable to its FSC for 1987, 1988, and 1989 were timely. As stated in part (g), if this legal issue is decided in the Government's favor, then the entire action will be dismissed. If this legal issue is decided in Abbott Laboratories' favor, however, then the substantive issue to be resolved, which may be one of both fact and law, is whether and in what amount Abbott Laboratories is entitled to additional FSC commission expense deductions under 26 U.S.C. § 921, et seq.

i. Settlement. Before the Government filed its Answer and its First Amended Answer, counsel for Abbott Laboratories and the Government met telephonically and exchanged information. The purpose of the discussions and information-exchange was

so that the parties understood the nature of their dispute, the areas of their agreement, and how, at least initially, they anticipated that the case might proceed, including the possibility of settlement. In their discussions that began in December 2006, the parties recognized that the first question that they would need the Court to address before they could proceed to discuss settlement concerned the status of Abbott Laboratories' attempt to make a redetermination of FSC commissions in its administrative claims for refund. If the attempt to make a FSC commission redetermination was timely, then the parties would turn to the merits of the FSC commission redetermination made in the claims for refund. If Abbott Laboratories did not make the FSC commission redetermination in a timely manner, however, then the case before the Court would be fully resolved.

The parties do not anticipate being able to consider settlement before the Court rules with respect to the parties' dispositive motions. The parties are not at this time contemplating alternative dispute resolution procedures.

j. Trial. Should the Court's ruling on the parties' motions not dispose of the case and should the parties not be able to reach a resolution thereafter, then a trial may be required in this proceeding. The parties do not request expedited trial scheduling.

k. Special Electronic Case Management Needs. At this juncture, the parties are aware of no special electronic case management needs implicated by this case.

l. Other. The parties are aware of no other information of which the Court should be aware at this time.

Proposed Discovery Plan: The parties stipulate to defer making the initial disclosures required by RCFC 26(a)(1) until 14 days after the Court rules on the motions, if necessary, which have been discussed in paragraph g, *infra*. The parties are unable to

determine the extent of the discovery that may be required until after the Court rules on the parties' dispositive motions. Accordingly, the parties propose that questions as to the type and timing of discovery (including expert witness disclosure and depositions), as well as the closing date of discovery, be deferred at this time. The parties acknowledge that discovery is currently open for all purposes.

Respectfully submitted,

May 16, 2007

s/ *Robert W. DeJoy*

Robert W. DeJoy
Attorney of Record
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 891-3993

Thomas V. M. Linguanti
Robert S. Walton
Of Counsel
BAKER & McKENZIE LLP
130 East Randolph Drive
Chicago, IL 60601
(312) 861-2623

Scott A. Knott
Of Counsel
BAKER & McKENZIE LLP
815 Connecticut Avenue
Washington, DC 20006
(202) 452-7017

Counsel for Plaintiff,
Abbott Laboratories and U.S. Subsidiaries

Respectfully submitted,

May 16, 2007

*s/ George L. Squires*
Attorney of Record
U.S. Department of Justice
Tax Division
Court of' Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6587

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief**,** Court of Federal Claims Section
MARY M. ABATE
Assistant Chief, Court of Federal Claims Section

May 16, 2007

*s/ Mary M. Abate*
Of Counsel