**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 06-778T**
**(Hon. Francis M. Allegra)**

**ABBOTT LABORATORIES AND U.S. SUBSIDIARIES,**

**Plaintiff**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant**

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On August, 26, 2008, the Court requested the parties to submit a short memorandum addressing whether Temp. Treas. Reg. § 1.925(a)-1T(e)(4) is an interpretative or a legislative regulation. Based on the content of the regulation, as confirmed by the contemporaneous notice of proposed rulemaking, Temp. Treas. Reg. § 1.925(a)-1T(e)(4) is an interpretative regulation that interprets section 925,[1] which addresses transfer pricing as between a foreign sales corporation ("FSC") and its related parent. Temp. Treas. Reg. § 1.925(a)-1T(e)(4) neither interprets nor otherwise changes sections 6511 or 6501, which address the statutes of limitations on refund claims by taxpayers (section 6511) and assessment of additional taxes by the government (section 6501).

[1] Unless otherwise indicated, all "section" references are to the Internal Revenue Code of 1986 (26 U.S.C.) (I.R.C.), as amended, or to the Treasury Regulations (26 C.F.R.) (Treas. Reg.) issued thereunder in effect during the years at issue.

# I. TEMP. TREAS. REG. § 1.925(a)-1T(e)(4) IS AN INTERPRETIVE REGULATION.

## A. Temp. Treas. Reg. § 1.925(a)-1T(e)(4) Is Not Based On The Legislative Grant Of Authority In Section 925(b)(1) Or Section 927(d)(2)(B).

In publishing the current Temp. Treas. Reg. § 1.925(a)-1T(e)(4), the Internal Revenue Service cited sections 925(b)(1), 927(d)(2)(B), and 7805(a) as the legislative support for the temporary regulation. T. D. 8126, 52 Fed. Reg. 6428 (Mar. 3, 1987). In general, an interpretive regulation is a regulation issued under the general grant of authority vested in the Secretary of Treasury by section 7805, while a legislative regulation is issued under a specific grant of congressional rulemaking authority. *See Schuler Industries v. United States*, 109 F.3d 753, 755 (Fed. Cir. 1997); *Lockheed Martin Corp. v. United States*, 42 Fed. Cl. 485, 495 (1998), *rev'd on other grounds*, 210 F.3d 1366 (Fed. Cir. 2000). To determine the source of authority for any particular regulation, therefore, the statutory language and the regulation itself must be examined. *See Schuler Industries*, 109 F.3d at 755. In *Snap-Drape, Inc. v. Commissioner*, 98 F.3d 194, 199 (5th Cir. 1996), a case referenced by the *Schuler* court, the court stated that even a regulation issued pursuant to a specific directive may be interpretive if it exceeds Congress's specific and express grant of authority. Here, section 925(b)(1) is an express legislative grant of authority to the Secretary of Treasury to promulgate regulations concerning how a FSC may operate on a commission basis, rather than on a buy-sell basis as established by section 925(a). Likewise, section 927(d)(2)(B) provides a legislative grant of authority to the Secretary to promulgate regulations concerning the grouping of transactions for purposes of calculating the FSC benefit. The grants of authority under both section 925(b)(1) and section 927(d)(2)(B) are expressly limited; nothing in those grants addresses the redetermination of FSC benefits that are detailed in Temp. Treas. Reg. § 1.925(a)-1T(e)(4). Accordingly, the sole legislative authority for the Secretary's regulatory action is found in section 7805(a), which authorizes the Secretary to

"prescribe all needful rules and regulations for the enforcement" of the Code. Temp. Treas. Reg. § 1.925(a)-1T(e)(4) is an "interpretive" and not a "legislative" regulation.

### B. The Service Has Acknowledged That The Provisions Of Temp. Treas. Reg. § 1.925(a)-1T Are Interpretive.

At the same time that Temp. Treas. Reg. § 1.925(a)-1T(e)(4) was promulgated in Treasury Decision 8126, 52 Fed. Reg. 6428 (Mar. 3, 1987), the Service issued a notice of proposed rulemaking that cross referenced the contemporaneous temporary regulation. *See* Notice of Proposed Rulemaking, INTL—153-86, 52 Fed. Reg. 6467 (Mar. 3, 1987). The notice stated that "the Internal Revenue Service has concluded that the regulations proposed herein are <u>interpretative</u> and that the notice and comment procedure of 5 U.S.C. 553 [*i.e.*, the Administrative Procedures Act] do not apply." *Id.* (emphasis added). Thus, the Service determined at the issuance of Temp. Treas. Reg. § 1.925(a)-1T in general, and Temp. Treas. Reg. § 1.925(a)-1T(e)(4) in particular, that the final regulation would be an interpretive regulation. Temp. Treas. Reg. § 1.925(a)-1T(e)(4) has never been finalized.

## II. TEMP. TREAS. REG. § 1.925(a)-1T(e)(4) INTERPRETS SECTION 925, NOT SECTIONS 6511 OR 6501, AND CANNOT UNILATERALLY AMEND EITHER.

Interpretive regulations are accorded "considerable weight" and are upheld if they implement the congressional mandate in a reasonable manner. *See, e.g., Schuler Industries*, 109 F.3d at 755; *Lockheed Martin Corp.*, 42 Fed. Cl. at 495. As Abbott Laboratories has pointed out in each of its preceding briefs and here, Temp. Treas. Reg. § 1.925(a)-1T(e)(4) interprets section 925. Yet, the government maintains that the temporary regulation, as interpreted by the government, alters the statute of limitations under section 6511 with respect to FSCs and their related parties. The problem remains that there is nothing in section 925 or the legislative history to the FSC provisions that expresses an intent to amend, alter, or to otherwise override the

normal statute of limitations for refunds under section 6511. There is nothing that makes the statute of limitations on assessments under section 6501 a prerequisite to a timely claim for refund. And there is certainly no mention of such a prerequisite in section 6511 or in section 6501.

Abbott Laboratories does not contest that the statutory interpretation of Temp. Treas. Reg. § 1.925(a)-1T(e)(4), like any interpretive regulation in this Court, should be accorded "considerable weight." However, the sole statute that Temp. Treas. Reg. § 1.925(a)-1T(e)(4) "interprets" is section 925, which has nothing to do with statutes of limitation. Moreover, nothing in Temp. Treas. Reg. § 1.925(a)-1T(e)(4) (or in section 925) explicitly references section 6501 as a requirement of a redetermination under section 925. All the temporary regulation does is reference section 6511 – without any "interpretation" at all. The government's attempt, therefore, to shoe-horn its section 6501 timing requirement into the regulation through the so-called "shall affect" language cannot hold. It constitutes an interpretation of an interpretation that interprets a statute that has nothing to do with statutes of limitations. The government's interpretation crumbles under the "considerable weight" of the express words of the regulation and of the statute that the regulation actually interprets.[2]

---

[2] The Court of Federal Claims and the Federal Circuit accord "legislative" regulations "controlling weight" unless they are arbitrary, capricious, or manifestly contrary to the statute. *See Schuler Industries*, 109 F.3d at 755; *Lockheed Martin*, 42 Fed. Cl. at 495; *Exxon Corporation v. United States*, 40 Fed. Cl. 73, 86 (1998). Even under this higher standard of deference, the government's interpretation of Temp. Treas. Reg. § 1.925(a)-1T(e)(4) here fails. As counsel for Abbott Laboratories acknowledged during oral argument, the taxpayer itself had "worked under the assumption" that the regulation was legislative; regardless whether it was a legislative regulation or an interpretive regulation, there is nothing in the regulation (or the Code for that matter) that imposes a section 6501 assessment requirement onto the section 6511 statute of limitations. Even if there had been a legislative grant to the Secretary to promulgate regulations concerning redeterminations under section 925, Congress would have had to *at least* expressly provide some reference to section 6511, let alone section 6501, for the government's interpretation of its regulation to be maintained. Congress did not.

Finally, as Abbott Laboratories has maintained throughout – and which the government still today has not answered – the Supreme Court has recognized that section 6511 contains the *exclusive* timing requirements relating to refund claims. *United States v. Brockamp*, 519 U.S. 347, 352 (1997). The Supreme Court reasoned that section 6511 "sets forth its limitations in a highly detailed technical manner, that, linguistically speaking, cannot easily be read as containing implicit exceptions." *Id*. at 350. Temp. Treas. Reg. § 1.925(a)-1T(e)(4) does not – and cannot –create an implicit amendment to the requirements of section 6511 by interposing section 6501 or otherwise.

**CONCLUSION**

For the reasons set forth above and in its previously submitted briefs, Abbott Laboratories respectfully requests that this Court grant its Motion for Partial Summary Judgment and deny the government's cross-Motion for Summary Judgment as a matter of law.

Respectfully submitted,

s/ Thomas V. M. Linguanti

Robert W. DeJoy
Attorney of Record
BAKER & McKENZIE LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 891-3993

Thomas V. M. Linguanti
Robert S. Walton
Of Counsel
BAKER & McKENZIE LLP
130 East Randolph Drive
Chicago, IL 60601
(312) 861-2623

Counsel for Plaintiff,
Abbott Laboratories and U.S. Subsidiaries

Dated this 10th day of September, 2008